<hr />

## GRIGSBY *et al.* v. MINNEHAHA COUNTY.

1. A rehearing will only be allowed when it is made to appear that some question which might have been controlling in the case has been overlooked by the court, or where it is made to appear that this court has probably committed an error in the decision of a question raised and argued.

2. But where the petition for rehearing only restates the positions taken, and reiterates the claims made on the original argument, whether oral or printed, a rehearing will not be allowed upon the suggestion that upon a reargument the petitioner could satisfy the court that its former decision was wrong.

(Syllabus by the court. Opinion filed Sept. 11, 1895.)

On rehearing. Denied.

For former opinion, see 62 N. W. 105.

*Palmer & Rogde* and *Melvin Grigsby,* for appellants.

*D. R. Bailey,* for respondent.

KELLAM. J. This is an application for rehearing. The opinion in the case is published in 62 N. W. 105, where the facts are stated. The appellants ask "that a rehearing be granted in this case to the end that oral arguments may be heard and authorities considered that were not cited in the briefs submitted." The "end" suggested shows no reason or ground for allowing a rehearing. Parties may submit their cases on oral or printed argument, or both, as they prefer. They decide that for themselves, and after decision a rehearing will not be granted merely to give a party an opportunity to pursue a different course in the presentation of his case from that which he did voluntarily pursue. This court will grant a rehearing when it is made to appear that some question which might have been controlling in the case has been overlooked, or where it is made to appear that this court has probably committed an error in the decision of a question raised and argued; but where the petition only restates the positions taken and reiterates the claims made in the original argument, whether oral or printed, a rehearing will not be granted upon the suggestion that upon a reargument the petitioner could satisfy the court that its former decision was wrong. This court will be liberal in considering applications for rehearing with the sole purpose in view of ultimately deciding every case as nearly right as it can, but questions that have been deliberately examined and decided will not be reheard unless a probable case of error is presented. In this case every point suggested in the petition for rehearing was considered, discussed, and decided in the opinion filed, and the petition contains nothing that leads us to doubt the correctness of the conclusions we then reached. Under these circumstances we cannot grant a rehearing, and it is denied.