Note.—Reported in 203 N. W. 462. See, Headnotes (1) and (2), American Key-Numbered Digest, States, Key-No. 131, 36 Cyc. 892; (3) States, Key-No. 127, 363 Cyc. 889.

## OSS, Petitioner, v. THE DEPOSITORS' GUARANTY FUND COMMISSION et al, Defendants.

### (204 N. W. 21.)

(File No. 5904.   Opinion filed May 9, 1925.)

**Courts—Mandamus—Original Mandamus Proceeding Not Entertained, in Absence of Sufficient Reasons for Not Making Application in Circuit Court.**

Original mandamus proceedings involving construction and interpretation of Laws 1925, cc. 99, 100, would not be entertained on failure to show good cause why court should take original jurisdiction or why application was not made in circuit court.

Mandamus on petition of Ole G. Oss against the Depositors' Guaranty Fund Commission and others. Dismissed without prejudice.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Plaintiff.

*Buell F. Jones,* Attorney General, and *R. F. Drewry,* Assistant Attorney General, for Defendants.

GATES, J.   This is a mandamus proceeding to compel the Depositors' Guaranty Fund Commission to pay to the depositors of the failed Bank of Herrick the amount of their deposits. Involved in the proceeding are the construction and interpretation of chapter 99, Laws 1925 (S. B. 165) and chapter 100, Laws 1925 (S. B. 269).

One of the grounds upon which defendants move to quash the order to show cause is that this is not a cause of which this court should take original jurisdiction. The reasons therefor are thus stated in the motion to quash:

"That no facts sufficient to call into exercise the original jurisdiction of this court are stated in the petition or affidavit for writ of mandamus; that no sufficient reasons are shown why the application was not made to the circuit court or judge thereof having jurisdiction; that it appears upon the face of the petition and affidavit that the introduction of much evidence would be re-

quired to establish the facts alleged, especially the allegation that there is sufficient money in the Depositors' Guaranty Fund in addition to money previously assigned and in addition to any prior claims to pay petitioner's certificate in full, together with all other certificates issued to depositors of the Bank of Herrick; and it likewise appears that it is sought by this proceeding to establish an alleged private right without any special circumstances justifying the assumption of jurisdiction by this court, and that said proceeding is not brought for any of the prerogative purposes of the sovereign power."

In Everitt v. Board of County Commissioners, 1 S. D. 365, 47 N. W. 296, this court said:

"To hold that this court should exercise its original jurisdiction and concurrently with the circuit court except where adequate reasons are shown why this original power should be exercised would impose a serious burden upon this court, and greatly impair its usefulness as an appellate court, and in a measure defeat the primary and principal object of its creation."

While this court has sometimes departed from that rule, we feel that the present congested condition of our calendar requires us to restate the rule and to conform to it. Upon an investigation of the briefs submitted we do not find that plaintiff will lose any right he now has by beginning a proceeding in the circuit court. It has also come to our attention that similar proceedings concerning the failed banks, the Stockfrowers' Bank of Ft. Pierre and the Farmers' Savings Bank of Tea, are pending in the circuit courts.

We are of the opinion that the ends of justice will be better subserved by having this cause also first tried in the circuit court, and that there is no good reason why we should take original jurisdiction. The order to show cause why a peremptory writ of mandamus should not issue was therefore improvidently granted. The proceeding will be dismissed without prejudice. No costs will be taxed.

Note.—Reported in 204 N. W. 21.   See, Headnote, American Key-Numbered Digest, Courts, 207(4), 16 C. J. Sec. 550.