PARSONS, Petitioner, v. SMITH, State Superintendent of Banks, Defendant.

(205 N. W. 36.)

(File No. 5279.   Opinion filed August 25, 1925.)

1. **Courts—Supreme Court Held to Have Jurisdiction of Subject-matter in Original Mandamus Proceeding.**

   Where an alternative writ of mandamus had issued from Supreme Court directing the superintendent of banks to determine amount of petitioner's claim against a bank, and certify to depositors' guaranty fund commission, pursuant to Rev. Code 1919, Sec. 9020, amended by Laws 1921, c. 134, sec. 1, held, that the Supreme Court had jurisdiction of the subject-matter

2. **Courts—Supreme Court Will Exercise Jurisdiction Over Matters. That Have Been Long Pending Therein.**

   Where, on December 7, 1922, an alternative writ had issued. from the Supreme Court directing the superintendent of banks. to ascertain amount due to petitioner, and certify same to depositors' guaranty fund commission, and was argued on December 15, 1922, and has been pending in the Supreme Court since that time, held, that, since during that period. petitioner could not proceed elsewhere, fairness to petitioner required a disposition on the merits.

3. **Banks and Banking—Facts, Showing Relationship of "Principal and Agent" Between Customer and Bank, Did Not Make Him "Unsecured Depositor or Holder of Exchange in Good Faith."**

   Where customer forwarded a deed to a bank with instructions to deliver when cash was paid, and bank took a check which was not made good, bank later failing, held, that he was not an unsecured depositor or holder of exchange in good faith, within Rev. Code 1919, Sec. 9020, amended by Laws 1921, c. 134, Sec. 1, which provides the method of certifying claims of depositors, since the facts showed a relationship of principal. and agent.

Mandamus by Frank H. Parsons against John Hirning, as State Superintendent of Banks, Fred R. Smith substituted. On motion to quash alternative writ and for dismissal. Motion granted and proceeding dimsissed.

*Howard G. Fuller,* of Pierre, for Petitioner.

*Byron S. Payne,* Attorney General, and *E. D. Roberts,* Assistant Attorney General, for Defendant.

CAMPBELL, J. This is an original proceeding instituted against John Hirning as superintendent of banks; Fred R. Smith being subsequently substituted as party defendant by stipulation.

An alternative writ of mandamus issued out of this court, directing the defendant to determine the amount necessary to pay a certain claim of the plaintiff against the insolvent Stock Growers' Bank of Harrold and certify the same to the depositors' guaranty fund commission, pursuant to section 9020, Rev. Code 1919, as amended by chapter 134, Laws of 1921, or show cause to the contrary.

The defendant has moved to quash the alternative writ and dismiss the proceeding on the grounds: First, that this court has no jurisdiction of the subject-matter of the proceeding; second, that no facts are presented sufficient to call into exercise the jurisdiction of this court; and, third, that the petition herein does not state facts sufficient to constitute a cause of action or entitle the petitioner to the relief asked.

[1, 2] As to the first objection above set out, we are satisfied that this court has jurisdiction of the subject-matter. As to the second objection, we very much doubt whether the original jurisdiction of this court should be exercised in this case, and, if the matter were of recent origin, we would decline jurisdiction on that ground, but the alternative writ was issued on December 7, 1922, and the matter was argued on December 15, 1922, and has been pending in this court since that time, during which period petitioner could not proceed elsewhere, and therefore under the particular circumstances of this case we believe that fairness to the petitioner now requires a disposition on the merits, and we proceed, therefore, to a consideration of the third ground of the motion to quash as above set out.

The material facts upon which petitioner bases his claim, briefly stated, are that in November, 1920, petitioner deposited in the Stock Growers' Bank of Harrold, a state banking corporation doing business in this state, a certain warranty deed, wherein one Weber was grantee, with instructions that said bank should deliver the deed to the grantee upon receiving from him two certain notes and mortgages "and cash amounting to $6,973.50," from which cash payment the bank was to deduct certain expense items and remit the balance to the petitioner. The bank, in writing, acknowledged receipt of the papers and assured the petitioner that it would follow his instructions. Thereafter and contrary to said instructions the bank delivered the deed to Weber, accepting from him in lieu of the cash payment a check for an equivalent amount. Weber promptly recorded his deed and the check was not made good. The bank subsequently paid to petitioner the sum of $2,000, but petitioner has never received the balance of $4,973.50 and interest, which should have been collected by the bank and remitted to him at the time of delivery of the deed.

Under these circumstances the bank became insolvent and suspended on November 6, 1922, and it is the petitioner's contention that the amount due him from said bank should be determined by the defendant and certified to the depositors' guaranty fund commission for payment.

[3] Clearly, when petitioner forwarded his papers to the bank with specific instructions and the bank acknowledged the receipt thereof and agreed to abide by the instructions, the relation of principal and agent came into existence, and the bank is liable to the petitioner for the damage suffered by him by reason of its failure to obey the instructions. The only question upon the facts in this case is whether the existence of such liability under the circumstances here constitutes the petitioner an "unsecured depositor or holder of exchange in good faith" of said bank within the meaning of section 9020, Rev. Code 1919, as amended by chapter 134, Laws of 1921.

Petitioner certainly cannot claim to be a holder of exchange. Neither do we think he was in any sense of the word "a depositor" of said bank. He never made any kind of a deposit therein, and the bank did not have in its possession anything of value to which petitioner was entitled. The liability of the bank to petitioner was

purely that of an agent to his principal, where the agent has dis-
obeyed instructions to the principal's damage. We do not believe
that this is the sort of liability that is entitled to the protection of
the guaranty fund. See Spry v. Hirning, 46 S. D. 237, 191 N.
W. 833; First National Bank of St. Cloud v. Hirning (S. D.),
204 N. W. 901.

The motion to quash the alternative writ and dismiss the pro-
ceeding is granted.

Note.—Reported in 205 N. W. 36. See, Headnote (1), Amer-
ican Key-Numbered Digest, Courts, Key-No. 207(4) 15 C. J. Sec.
550; (2) Courts, Key-No. 209(2), 15 C. J. Sec. 550; (3) Banks and
Banking, Key-No. 15, 7 C. J. Sec. 15.