On right of holder in due course, see 5 U. L. A.257.

---

MILDENSTEIN, Appellant, v. HIRNING, Superintendent of Banks, et al, Respondents.

(207 N. W. 979.)

(File No. 5763.   Opinion filed March 5, 1926.)

1. **Mandamus—Depositors Guaranty Fund—Appeal and Error.**

Supreme Court has jurisdiction on appeal of mandamus proceedings to require payment of claim against insolvent bank to be made out of guaranty fund.

2. **Mandamus—Superintendent of Banks—Mandamus Is Proper to Review Disallowance by Superintendent of Banks of Claim as a Claim Against Guaranty Fund.**

Quasi judicial decision of state superintendent of banks, allowing claim against estate of insolvent bank but not against guaranty fund, is reviewable by mandamus.

3. **Banks and Banking—Depositors' Guaranty Fund—Liability of Guaranty Fund is Statutory and to be Determined by Original**

Transaction between Original Parties, Regardless of Fact That Claimant is Bona Fide Holder of Certificate of Deposit (Rev. Code 1919, Sec. 9020, as Amended by Laws 1921, c. 134).

The liability of guaranty fund is purely statutory, and must be determined by original transaction between original parties, so that claim by plaintiff that he is a holder of exchange of insolvent bank in good faith, which is payable out of guaranty fund regardless of whether original transaction was a deposit within meaning of Rev. Codes 1919, Sec. 9020, as amended by Laws 1921, c. 134, is without merit.

4. Banks and Banking—Depositors Guaranty Fund—Payee of Certificate of Deposit Given as Loan is Not a Holder of Exchange in Good Faith Within Guaranty Fund Law, and Bona Fide Purchaser from Payee Stands in Same Position (Rev. Code 1919, Sec. 9020, as amended by Laws 1921, c. 134).

Payee of certificates of deposit, given by bank as loan, is not a holder of exchange in good faith, entitled to payment out of guaranty fund on insolvency of bank, and his transferee stands in same position regardless of whether certificates were negotiable.

5. Banks and Banking—Depositors Guaranty Fund.

Liability of guaranty fund is separate and distinct from law pertaining to negotiable paper.

6, Banks and Banking—Depositors Guaranty Fund—Certificate of Deposit Issued as Loan Does Not Constitute "Deposit" in Good Faith, Payable Out of Guaranty Fund on Insolvency of Bank (Rev. Code 1919, Sec. 9020, as Amended by Laws 1921, c 134).

Certificates of deposit, not issued in consideration of any deposit of money or its equivalent but as a loan, does not constitute a deposit in good faith within meaning of Guaranty Fund Law (Rev. Code 1919, Sec. 9020, as amended by Laws 1921, c. 134), and purchaser of certificates is not entitled to payment out of guaranty fund.

Appeal from Circuit Court, Minnehaha County; Hon. Alva E. Taylor, Judge.

Mandamus by E. J. Mildenstein against John Hirning, State Superintendent of Banks, and others. From a judgment for defendants, and an order denying new trial, plaintiff appeals. Affirmed.

Cherry & Davenport, of Sioux Falls, for Appellant.

Null & Royhl, of Huron, for Respondent.

(3)  To point three of the opinion, Respondent cited: Fourth National Bank v. Wilson (Kan.), 201 Pac 715.

(6)  To point six, Appellant cited: Gold Stabek v. Bank, 37 S. D. 242; State v. Bank (Neb.), 202 N. W. 460.

Respondent cited: State ex rel Davis v. Banking House of A. Castetter Blair, 194 N. W. 784; Fourth Nat. Bank v. Bank Commissioner, 110 Kan. 380, 204 Pac. 715.

DILLON, J.  On March 19, 1921, the People's State Bank of Canova, S. D., accepted the note of one Aldrich in the amount of $10,300, and, in exchange therefor, delivered to him $300 in cash and ten certificates of deposit of $1,000 each.  Said Aldrich later delivered to the bank, as collateral to the note, stock in the People's Telephone Company of Canova, S. D.  One of the ten certificates of deposit of $1,000 each was later negotiated to plaintiff.  The People's State Bank of Canova became insolvent on or about October 26, 1921, and its affairs were taken charge of by the state banking department, and the superintendent of banks gave notice to the creditors of said bank to file their claims on or before a certain date.  Plaintiff filed his claim in the proper manner, and it was approved by the state superintendent of banks as a claim against the assets of the bank, but was disallowed as a claim against the guaranty fund.  The assets of the insolvent bank were inadequate to pay said claim, and this action was brought to recover from the guaranty fund.  The lower court denied the relief prayed for by plaintiff, dismissed the action, and entered judgment against plaintiff for the costs and disbursements.  It is from such judgment and order denying a new trial that this appeal is taken.

Appellant has argued his assignments of error under three heads: First, jurisdiction of the court; second, rights of plaintiff as a holder in due course; and, third, original transaction as a deposit.

[1, 2]  Respondent first contends that the court is without jurisdiction over the subject-matter; second, that the quasi judicial decision of the state superintendent of banks is not reviewable on mandamus proceedings.  Respondent is in error in both of these contentions.  The rule as laid down in First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901; Parsons v. Smith, State Superintendent of Banks, et al, 48 S. D. 445, 205 N. W. 36, es-

tablishes the jurisdiction of this court over the subject-matter contained in this case, and also establishes a mandamus proceeding as the proper remedy. In view of the two decisions above mentioned, it will be unnecessary to go into a further discussion as to the merits of the contention of respondent.

The only question remaining to be determined is whether or not the certificates of deposit, issued in exchange for Aldrich's note for $10,300, constituted a deposit in good faith within the meaning of section 9020, R. C. 1919, as amended by chapter 134, Laws of 1921. It would be a difficult task to define "deposit" as meant by the guaranty law, so as to embrace all situations which may arise. In defining "deposit" the Supreme Court of Kansas, in Fourth National Bank v. Bank Commissioner, 204 P. 715, 110 Kan. 380, said:

"Speaking generally, to create a deposit, within the meaning of the statute, money or the equivalent of money must be in intention and effect be placed in or at the command of the bank, under circumstances which do not transgress specific limitations of the bank guaranty law."

The Supreme Court of Iowa, in State v. Corning State Bank, 113 N. W. 500, 136 Iowa 79, describes a depositor as "one who delivers to or leaves with a bank money subject to his order, either upon time deposit or subject to check." In State v. Bank (Neb.), 202 N. W. 460, it is said:

"To create 'deposit' protected by bank guaranty law, money or its equivalent must in intention and effect be placed in or at command of bank under circumstances not transgressing bank guaranty law. * * * Law looks through semblances and forms to ascertain whether there has been bona fide deposit within terms of bank guaranty law."

The guaranty law does not protect transactions if not bona fide deposits in manner evidenced.

[3, 4] The contention of appellant that he is a "holder of exchange in good faith," regardless of whether or not the original transaction was a deposit is without merit. The liability of the guaranty fund is purely statutory, and must be determined by the original transaction between the original parties. The original transaction, as shown above, did not constitute a "deposit," but was a loan pure and simple. Said Aldrich therefore could not be

36—Vol. 49, S. D.

held to be a "holder of exchange in good faith," and appellant stands in the same position as said Aldrich (payee in the certificate), regardless of whether or not he was an innocent purchaser, and regardless of whether or not the said certificate was negotiable.

[5]  The liability of the guaranty fund is entirely separate and distinct from the law pertaining to negotiable paper.  In State v. Farmers' State Bank, 196 N. W. 908, 111 Neb. 117, the Supreme Court of Nebraska says:

"The argument is made by appellants that, they being owners of the several certificates of deposit, therefore they were 'holders of exchange,' and entitled to priority over other claims. * * * This contention, in so far as it seeks to hold the guaranty fund liable, is, we think, without merit.  The term 'holders of exchange' as used in this section relates to those transactions where money or its equivalent has been deposited in the bank and a bill of exchange upon some other bank has been issued in lieu thereof."

[6]  The record clearly shows that the certificate of deposit in controversy was not issued in consideration of any deposit of money or its equivalent, and cannot be held to constitute a deposit in good faith within the definition and intent of the Guaranty Fund Law (Rev. Code 1919, § 9020, amended by Laws 1921, c. 134) of this state.  The state superintendent of banks did all that he could rightfully do when he allowed the claim against the assets of the bank.

The judgment and order denying a new trial are affirmed.

Note.—Reported in 207 N. W. 979.  See, Headnote (1), American Key-Numbered Digest, Mandamus, Key-No. 187(1), 38 C. J. Sec. 754; (2) Mandamus, Key-No. 73(1), 38 C. J. Sec. 404 (Anno); (3), (4), (5, and (6), Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno.).