DOCKSTADER, Appellant, v. SMITH, Superintendent of Banks, Respondent.

(229 N. W. 299.)

(File No. 6831. Opinion filed February 21, 1930.)

*Krause & Krause* and *E. P. Van Buren*, all of Dell Rapids, for Appellant.

*T. B. Thorson*, of Pierre, and *Max Royhl, of Huron*, for Respondent.

CAMPBELL, J. People's State Bank of Canova, in Miner county, this state, became insolvent in the latter part of the year 1921 and was taken in charge by the superintendent of banks of the state of South Dakota for liquidation. At that time one W. H. Dockstader was the owner and holder of a certificate of deposit in the usual form issued by said People's State Bank of Canova, bear-

ing date March 22, 1921, certifying that the said Dockstader had deposited with said bank the sum of $5,000, payable to his order in one year from date, with interest at the rate of 5 per cent per annum. Thereafter said Dockstader demanded of the then superintendent of banks that he certify the claim of said Dockstader, based on said certificate of deposit to the depositors' guarantee fund commission of the state of South Dakota as a valid claim against the bank guaranty fund, pursuant to the provisions of section 9020, R. C. 1919, as amended by chapter 134, Laws 1921. The superintendent of banks refusing so to do, W. H. Dockstader instituted proceedings in the circuit court of Minnehaha county, S. D., resulting in a peremptory writ of mandamus issued out of said court requiring the superintendent of banks to comply with Dockstader's request. From the judgment in the mandamus proceeding the superintendent of banks appealed to this court.

Pending the appeal the present defendant became superintendent of banks and was substituted as appellant in that proceeding, and W. H. Dockstader died testate, and the present plaintiff, his executor, was substituted as respondent in that proceeding. The judgment thus appealed was reversed in this court, with directions for dismissal of the proceeding upon the ground that the circuit court of Minnehaha county had no jurisdiction thereof. Dockstader v. Hirning, 50 S. D. 264, 209 N. W. 542.

Thereupon the present plaintiff instituted the present proceeding for mandamus against the now superintendent of banks in the circuit court of Miner county, S. D., wherein the failed bank was situated, seeking the same relief that had previously been decreed by the circuit court of Minnehaha county in the judgment which was here reversed on the jurisdictional point.

To the alternative writ of mandamus below defendant answered denying that plaintiff was a good-faith depositor in said People's State Bank of Canova, and alleging facts by reason of which defendant claimed that the transaction resulting in the issuance of the certificate in question was unlawful, corrupt, and usurious. The matter was tried to the court and resulted in findings and conclusions in favor of the defendant, and the entry of a judgment denying the writ sought by plaintiff. From this judgment, and from an order denying his motion for new trial, plaintiff has appealed.

The trial court specifically found the following facts among others: That W. H. Dockstader resided some distance from Canova, S. D., in the city of Dell Rapids in Minnehaha county, and conducted his banking business with a bank in Dell Rapids, and never before or after the transaction here involved had any business with People's State Bank of Canova, its officers, or agents. That prior to March 22, 1921, the People's State Bank of Canova entered into an arrangement with one Kilness, otherwise a stranger to the bank, whereby the bank furnished Kilness with signed certificates of deposit in the usual form in varying amounts, leaving the name of the payee blank to be supplied by Kilness upon negotiation, and Kilness went out to trade, barter, exchange, or sell said certificates in behalf of the bank, under an agreement whereby the proceeds of his efforts should be delivered to the bank and Kilness should receive, as a reward for his activity, a commission of 5 per cent upon the amount of all cash he secured and a sum equal to 3 per cent upon the amount of all credits and bills receivable which he took in exchange for such certificates. That pursuant to such arrangement the People's State Bank delivered the certificate here involved to Kilness with the name of the payee blank, and Kilness negotiated the certificate to W. H. Dockstader, filling in the name of Dockstader as payee, and receiving, in exchange for the certificate from Dockstader, Dockstader's checks aggregating $744, United States war savings stamps of an aggregate face value at maturity of $500, and United States Liberty bonds of an aggregate par value of $3,750, amounting in all to $4,994. This transaction occurred on March 28, 1921. The court further finds that on said date the actual market value (as distinguished from par at maturity) of the war savings stamps was $450, and the actual market value (as distinguished from the par or face value) of the Liberty bonds was $3,272.50, whereby the actual value given by Dockstader for a $5,000 certificate of deposit, drawing interest at 5 per cent, was in money and property $4,466.50. Kilness retained as his commission on the transaction $164.70 and delivered the residue of the cash, the war savings stamps and Liberty bonds to People's State Bank, who received nothing else in the transaction. The court also finds that in making this transaction W. H. Dockstader had no intention or desire to deposit money or its equivalent with the People's State Bank, but entered into the transaction

solely for the purpose of liquidating his war savings stamps and United States bonds at par, and for the purpose of avoiding loss to himself by reason of the discount at which war savings stamps and Liberty bonds were then selling on the open market, and the court found as a fact that, by virtue of said transaction, W. H. Dockstader did not become a depositor of said People's State Bank of Canova in good faith within the meaning of section 8977, R. C. 1919, and section 9020, R. C. 1919, as amended by chapter 134, Laws 1921, and the court likewise so held as a conclusion of law.

We are convinced that the evidence amply supports the findings. The case is entirely to be distinguished on the facts from Ahearn v. Smith, 50 S. D. 633, 211 N. W. 448, which was an appeal from the judgment only, and in which case the findings of the trial court which were not challenged by the appeal, were markedly different in vital particulars. We think the case must be ruled by the principles recognized by this court in First National Bank v. Hirning, 48 S. D. 417, 204 N. W. 901; Mildenstein v. Hirning, 49 S. D. 558, 207 N. W. 979; and Muckler v. Smith, 54 S. D. 618, 224 N.W. 225. See, also McQuerry v. State, 50 N D. 229, 195 N. W. 432.

We find no prejudicial error, and the judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.