STATE, ex rel POTTS, Plaintiff, v. EDDY, Circuit Judge, Defendant.

(236 N. W. 470.)

(File No. 7245. Opinion filed May 4, 1931.)

W. M. Potts, of Mobridge, for Plaintiff.

George H. Puder, of Timber Lake, and Williamson, Smith & Williamson, of Aberdeen, for Defendant.

MISER, C. Grover Potts, petitioner herein, requested the board of education of Timber Lake independent school district, in Dewey county, to make provision for schooling his children at Mobridge, in Walworth county. The board of education denied the request, but made provision for the payment of forty cents per day per pupil for the transportation of his children to the nearest school in the district. Thereafter Potts, claiming the allowance insufficient, obtained an alternative writ of mandamus from Hon. W. F. Eddy, judge of the circuit court in and for Dewey county, requiring the Timber Lake independent school district and the members of the board of education to make provision for the attendance of said children at some school or show cause why that had not been done. Cause was shown as required, and, on March 28, 1931, Judge Eddy sent to counsel, for both petitioner and the board of education, a memorandum decision in which he held that the discretion of the board of education had not been exercised in a manner either arbitrary, unreasonable, unjust, or against the public's or the plaintiff's best interests. Defendant's counsel were instructed in this memorandum decision to present findings and conclusions and judgment denying the peremptory writ. On April 11 such findings, conclusions, and judgment were signed.

Before the service of that decision and judgment on his counsel, Potts had petitioned this court for an alternative writ of mandamus requiring the defendant herein, Hon. W. F. Eddy, as circuit judge, to enter a peremptory writ of mandamus in the action then pending before him and to determine the amount that should legally and properly be paid to the plaintiff. In his answer to this mandamus proceeding, Judge Eddy alleged that he had assumed jurisdiction and had made a judicial determination of the merits thereof, and, for a further defense, he alleged that the petitioner has a plain, speedy, and adequate remedy at law by an appeal from the judgment. On the return day, the defendant also filed a motion to quash the alternative writ issued by this court.

It is apparent from the oral arguments and from the briefs of counsel, submitted since oral argument, that both parties to this controversy are willing to have it determined by this court on its merits. This may not be permitted. It is too apparent that petitioner has a plain, speedy, and adequate remedy by appealing to this court from the judgment of the circuit court. Petitioner is in fact merely using the prerogative writ of mandamus as a method of appeal. If the judgment denying the peremptory writ of mandamus in circuit court is erroneous, he may appeal therefrom.

When this court should exercise its original jurisdiction by mandamus was stated in Oss, Petitioner, v. Depositors' Guaranty Fund Commission, 48 S. D. 258, 204 N. W. 21, wherein this court reiterated the rule stated in Everitt v. Board of Commissioners, 1 S. D. 365, 47 N. W. 296. The only reason why jurisdiction was exercised in Parsons v. Smith, 48 S. D. 445; 205 N. W. 36, was because of the length of time that the matter had been pending in this court. That reason does not exist in the case at bar. To permit the procedure attempted herein would not only be unfair to other litigants whose appeals are now pending, but also establish a harmful precedent.

The order to show cause why a peremptory writ of mandamus should not issue having been improvidently granted, the motion to quash the alternative writ of mandamus should be granted and the proceeding dismissed without prejudice. No cost will be taxed.

POLLEY, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

ROBERTS, J., disqualified and not sitting.