STATE ex rel ROBERTS, Plaintiff, v. MORRISON, as Secretary of State, Defendant.

(268 N. W. 647.)

(File No. 7967. Opinion filed July 24, 1936.)

*Sutherland & Payne* and *O'Keeffe & Stephens*, all of Pierre, for Plaintiff.

*Walter Conway*, Atty. Gen., for Defendant.

*Theo. H. J. Studt*, of Highmore, for Intervener.

WAGNER, Circuit Judge. On the 19th of May, 1936, upon the application of the relator, Everett D. Roberts, an alternative writ of prohibition was issued by this court, wherein it was ordered that the defendant, Myrtle Morrison, as secretary of state, desist and refrain, until the further order of this court, from certifying the name of the intervener, M. Harry O'Brien, as a candidate for the office of judge of said court from the Third Supreme Court district, to be voted upon at the judicial election to be held in this state in November, 1936, and that defendant show cause why a writ of prohibition should not be granted restraining and prohibiting her, as secretay of state, from transmitting to the auditors of the several counties in the state a certified abstract of nominations containing the name of the intervener as having been nominated for a judge of this court for the Third

Supreme Court district, to be voted upon at the judicial election to be held in November, 1936.

It is alleged in substance in relator's affidavit (hereinafter referred to as "complaint") that he is, and for many years last past has been, a citizen, resident, and taxpayer of the county of Hughes in said state and district; that at the general election in 1930 he was elected judge of said court for said district for a six-year term, and thereafter qualified and is now acting as such judge, and is now legally qualified and eligible to be nominated and elected to such office at the general election to be held in November, 1936; and that on the 31st day of March last there was filed with the secretary of state a valid and sufficient individual nominating petition, nominating him as a candidate for said office to be voted on at the election in November, 1936.

It is further alleged in said complaint that a purported individual nominating petition which attempted to nominate intervener for judge of said court for said Third district, to be voted upon at said election, was filed with the secretary of state; but that said purported petition is not a valid or sufficient petition for the purpose of nominating intervener for said office, in that it does not comply with the provisions of chapter 224 of the Session Laws of 1921 and acts amendatory thereof (Comp. St. 1929, § 7205-A et seq.), in the following particulars: (a) That said petition does not contain 2 per cent of 66,732, the number of votes cast for Governor at the general election in 1934; (b) that names of 10 persons appear twice on said petition; (c) that 87 persons who signed intervener's petition had previously signed relator's petition; (d) that 13 of the signers did not reside in the district and were not electors thereof; (e) that 47 persons whose names appear thereon did not sign the petition, and their names were placed thereon by other persons; (f) that a large number of persons purporting to have signed said petition did not write thereon the voting precinct, post office address, and date of signing, and that the verifying affidavit attached to said petition was false.

At the time fixed for hearing on the alternative writ, the defendant, Myrtle Morrison, secretary of state, appeared and answered in substance that she was not advised as to the truth of the allegations of the petition on which the temporary writ was

issued, and expressed a willingness to abide by the orders and the judgment of the court in the premises.

On the same day the intervener, M. Harry O'Brien, appeared and filed a complaint in intervention and answer to the relator's complaint; in effect denying the material allegations thereof.

Upon the issues of fact thus joined, the court appointed a commissioner to take evidence on behalf of the respective parties, and the evidence so taken was duly certified and submitted to the court, with the briefs and arguments of counsel.

After thorough consideration of the evidence thus submitted, the court has found the essential and material facts to be as follows:

(1) That of the 1,454 names of electors from the Fifth district who signed intervener's petition are the names of 10 persons who signed the same twice, and that such signatures should be counted only once, and the number of valid signatures is thereby reduced by 10.

(2) That 87 electors who signed the nominating petition of intervener had previously signed the petition of the relator, and were included as part of the petition filed by relator on March 31, 1936; that said 87 signatures are not entitled to be counted on intervener's petition, and the number of valid signatures thereon is reduced by 87.

(3) That 13 of the signers of intervener's petition included in said 1,454 names of persons appearing thereon gave the names of counties of their residence as outside of the Fifth Supreme Court district, and did not in fact at the time of signing said petition reside within said district, and that said 13 signatures should not be counted on intervener's petition.

(4) That 25 of the names appearing on intervener's petition as electors from said Fifth Supreme Court district were not signed by the persons who purported to sign them, and were not the signatures of the persons they purport to be, and should not be counted upon intervener's petition.

That the aggregate number of signatures that should not be counted upon intervener's petition is 135; thus reducing the number of valid signatures to 1,319, or 16 less than 2 per cent. of 66,732.

■ The evidence upon which the facts here stated were found is substantially undisputed, and establishes beyond reasonable doubt that intervener's petition does not contain the number of signatures clearly required to constitute a valid petition. The court therefore deems it unnecessary to review in detail the evidence as to the failure of signers of the intervener's petition to write thereon the voting precinct, post office address, date of signing, and other defects, as pointed out by counsel and established by the evidence, which would add materially to the length of the opinion and serve no useful purpose.

At the hearing before the court on final submission of the case, after the evidence was taken and filed, intervener asked, and was granted, leave to file objections to the introduction of any evidence therein, for the reason that plaintiff's complaint fails to state facts sufficient to constitute a cause of action, in that it fails to show that plaintiff has any beneficial interest in the result of the action, and fails to show that he is entitled to maintain the same; and for the further reason that it appears upon the face of the complaint that plaintiff is seeking to prohibit, or forestall, by means of a writ of prohibition, the doing of a purely ministerial act, or duty, and not a judicial or administrative act.

The plaintiff's interest in the result of the action seems to be quite fully disclosed by the allegations of his complaint, wherein it is stated that he is already a member of this court and a candidate for re-election to his present position, and that, in the furtherance of his candidacy for the office, he has caused to be circulated, signed, and filed an individual nominating petition in conformity with chapter 224 of the Session Laws of 1921 and acts amendatory thereof (Comp. St. 1929, § 7205-A. et seq.), which authorize and govern the filing of such petition as the means provided for initiating his candidacy.

■ It is provided by section 1 of chapter 224, Laws of 1921 (Comp. St. 1929, § 7205-A), that all candidates for the office of judge of the Supreme Court shall be nominated and voted for at the primary and general elections in the manner provided by said act, and not otherwise; and that the names of all candidates for the office of judges of said court shall be presented for nomination by individual nominating petitions, and that the name of no candi-

date for such office shall be printed upon any nonpolitical judiciary ballot or voted for at any primary election, unless an individual nominating petition shall have been filed in the office of the secretary of state at least 30, and not more than 60, days prior to such primary election, and that such nominating petition shall be signed according to law by at least 2 and not to exceed 10 per cent. of all of the electors of each Supreme Court district of the state. It clearly appears from the evidence before the court, in fact it is not questioned by intervener, that relator has filed such petition and that he is thereby entitled to have his name certified to the several county auditors of the state to be placed upon the ballot and voted for at the judicial election to be held in November next. His interest in such election and in the result thereof seems clearly to establish such "beneficial interest in the result of this action" as to entitle him to maintain the action.

The second ground of intervener's objection to plaintiff's right to maintain this action in substance is that it is an attempt to prohibit by writ of prohibition the doing of a purely ministerial act and not a judicial or administrative act. This contention seems also to be without merit. The writ of prohibition sought by plaintiff to prevent the secretary of state from certifying intervener's name to the county auditors to be placed upon the judicial ballot at the next election seems clearly to be authorized by section 3019, as amended by chapter 424 of the Session Laws of 1921. And the propriety of such action has the approval of this court in the case of Putnam v. Pyle, 57 S. D. 250, 232 N. W. 20, 23, cited in intervener's brief. If intervener's position, as stated in oral argument and in his brief, has been correctly interpreted by the court, the remedy by prohibition is proper.

The act of the secretary of state in certifying to the several county auditors the name of a person proposed by a nominating petition for the office of Supreme Judge is undoubtedly an administrative act required by law. It is the duty of an administrative officer required by law, and is an act which may be prohibited by a writ of prohibition if sought to be exercised in excess of the power and authority conferred upon such officer. If intervener's petition is insufficient in fact or law, as alleged, to entitle him to have his name placed upon the ballot to be voted at the approach-

ing fall election, it would seem to be in excess of the authority of the secretary of state to certify his name to the county auditors to be placed upon the ballot. And the writ of prohibition is the proper process of the court to restrain such act.

In the case of Putnam v. Pyle, supra, it was recognized by this court that, prior to the amendment of section 3019, the writ of prohibition was confined to prohibiting judicial or quasi judicial acts in excess of jurisdiction. The cases sustaining that view are cited in the opinion and in commenting upon the effect of the amendment it was said: "After these decisions the Legislature by the amendment of 1921 extended the use of the writ of prohibition to prohibit unauthorized administrative acts as well as judicial action in excess of jurisdiction, and since then proceedings of this nature could be fully determined under a writ of prohibition."

It would seem, therefore, that relator has chosen the proper remedy, and that intervener's objection must be overruled.

By section 8 of chapter 224, Laws of 1921 (Comp. St. 1929, § 7205-H), the general election laws of the state were made applicable to the nomination and election of candidates for judicial offices, "except where in conflict with the provisions of this act." And it was provided in section 2 of said act (Comp. St. 1929, § 7205-B) that nominating petitions shall be signed "according to law." Section 4, c. 118, Laws 1929, as amended by Laws 1931, c. 145, which is believed to be the law now in force in the state and applicable in some of its details to the nomination of judges, as authorized by the 1921 statute, provides that every signer to a nominating petition "shall add to his signature the name of the county in which he resides, the precinct, his postoffice address and the date of signing." By section 2 of chapter 224, Laws of 1921, it is provided that the name of no candidate for the office of judge of the Supreme Court shall be printed upon any nonpolitical judiciary ballot, or voted for at any primary election, unless, in case of a candidate for judge of the Supreme Court, a nominating petition filed in the office of the secretary of state "shall be signed according to law, by at least two and not to exceed ten per cent of all the electors of each Supreme Court district."

In the case of Jacobs v. Pyle, 52 S. D. 537, 219 N. W.

247, this court held that the provisions of these and the other related statutes must be substantially, if not strictly, complied with. Signers of nominating petitions must be legal electors resident within the county and district wherein they sign such petitions. And they cannot lawfully sign the petition of one candidate more than once, and more than one signature by the same elector cannot be counted.

■ Signatures upon a nominating petition are not entitled to be counted as valid signatures thereon, unless there is added thereto in the handwriting of the signer, his voting precinct, post office address, county, and date of signing. It is clearly the intention of the law that each signer shall affix his signature to the petition in his own handwriting, and signatures written thereon by others are not in compliance with the law and are not entitled to be counted for the petitioner. Each signer must affix his own signature to the petition, and no person may legally sign more than one petition relating to the same office in the same year. Jacobs v. Pyle, supra.

It is contended on behalf of relator that several of intervener's petitions have not been properly verified by oath of one of the persons circulating the same, attesting the legality of the signatures thereto, as provided in section 4, chapter 118, Laws of 1929, as amended by chapter 145 of the Laws of 1931. It is the view of the court that, since intervener's petition is found to be otherwise insufficient as hereinbefore pointed out, and for the reasons stated is not a valid petition entitling intervener to have his name placed upon the ballot in the fall election, a determination of this question is not necessary to the final decision of the case, and for that reason the court expresses no opinion upon this question.

It is the opinion of the court that intervener's petition does not contain 2 per cent. of the 66,732 votes cast at the last general election for Governor, that it is invalid as a nominating petition, and that a peremptory writ of prohibition should issue as prayed by relator, prohibiting and restraining the defendant, Myrtle Morrison, as secretary of state, from certifying the name of the intervener, M. Harry O'Brien, as a legal candidate for the office of judge of this court from the Third Supreme Court district to be voted upon at the general election to be held in the month of November, 1936.

A permanent writ will issue as prayed.

BARTINE, BABCOCK, WALL, BECK, and WAGNER, Circuit Judges, sitting in lieu of the regular Judges of the court, all disqualified.

All the Judges concur.