## GRIGSBY *et al.* v. MINNEHAHA COUNTY.

1. Subdivision 14, section 1542, Comp. Laws, provides that "any one-fourth part of any quarter section * * * together with all improvements thereon, not exceeding in value one thousand dollars," shall be exempt from taxation. Held, that the limitation as to value includes both the lands and improvements together, and not the value of the improvements alone. Held, further, that the land and improvements, under that subdivision, in excess of $1,000 in value, are subject to taxation.

2. Where the city board of equalization struck from the assessment rolls, as returned by the city assessor, the whole assessment made of 33 acres of land, valued by such assessor at $16,000, as exempt from taxation, under the provisions of section 1542, Comp. Laws, its action was unauthorized, and not binding upon the county board of equalization.

3. The only appeal provided for to the circuit court, from a decision of the city board of equalization, under section 5, art. 10, c. 37, Laws 1890, is by "any person feeling aggrieved at any decision of the board of equalization upon matters he has called upon it to correct, alter or change in reference to the listing or valuation of his property." Such right of appeal cannot be extended to parties other than those specified in the act, or to cases other than those therein specified.

4. The county board of equalization and county auditor are not only authorized, but required, to place upon the assessment roll any property omitted from the same; and they, or either of them, may properly place upon the assessment roll any property unlawfully stricken off, as exempt, by a city board of equalization, and place thereon the valuation placed upon the same by the city assessor, without referring it to him again for a valuation.

(Syllabus by the Court. Opinion filed Feb. 2, 1895.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

This action came before the circuit court upon appeal by Melvin Grigsby and others from an order of the board of county commissioners of Minnehaha county placing certain property claimed to be exempt from taxation upon the assessment list. From a judgment of the circuit court affirming this order, plaintiffs appeal.    Affirmed.

The facts are stated in the opinion.

*Palmer & Rogde*, for appellants.

*D. R. Bailey*, for respondent.

CORSON, P. J.    This action came before the circuit court upon an agreed statement of facts, which, as found by the trial court, are briefly stated as follows:    That the plaintiffs were in May, 1883, the owners in fee of the southeast quarter of the southwest quarter of section 21, township 101, R. 49, Minnehaha county.    (2) That about April, 1883, the plaintiffs caused to be set out thereon upwards of five acres of trees, as required by the laws of the territory of Dakota, then existing, to entitle the said owners to the benefit of the law exempting such property and improvements, to a limited extent, from taxation, and that the owners thereof filed with the assessor their affidavit as required by the statute.    (3) That during the spring assessment for the year 1891 the assessor of the city of Sioux Falls assessed the above described property, as part of the southeast quarter of the southwest quarter of section 21 (33 acres), for $16,000; that afterwards the city council of Sioux Falls, acting as a board of equalization for said city, corrected the said assessment by adding $500 to the value, and assessed the improvements thereon at $1,000, making a total of $17,500, and then exempted the whole, under the law exempting certain property as not liable to taxation; that afterwards the board of county commissioners of Minnehaha county, acting as a board of equalization, in July, 1891, repudiated the action of the city council, and placed said property on the assessment list, and assessed it at the original

amount placed thereon by the city assessor, namely, $16,000; that from this order of the board of county commissioners, so placing the same upon the assessment list, the plaintiffs took an appeal to the circuit court. (4) That said property is within the city limits of Sioux Falls (5) That in about November, 1887 plaintiffs sold, by metes and bounds, about 3 acres of said 40 acres. (6) That no portion of said 40-acre tract has ever been platted as city property. (7) That the value of the improvements upon said property belonging to the plaintiffs does not exceed $1,000, and that there are no other improvements upon the 40 acres. The court concludes, as matters of law: "(1) That there should be deducted from the amount of said assessment of sixteen thousand dollars, as exempted property, the sum of one thousand dollars ($1,000). (2) That the balance of said sixteen thousand (16,000) dollars, after the deduction aforesaid, viz. the sum of fifteen thousand (15,000) dollars, is the true and correct amount of said assessment liable to taxation, and that a decree be entered accordingly." To the conclusions of law above stated, plaintiff duly accepted, and requested the court to state the following as its conclusions of law: "(1) That the land in controversy is exempt from, and not subject to, assessment and taxation, under and by virtue of the tree culture law, at the time it was assessed for the purpose of taxation by the said assessor of the city of Sioux Falls, as well as at the time when it was placed upon the list for the purpose of taxation by the board of county commissioners, acting as a board of equalization, as appears from the foregoing findings of fact. (2) That the board of county commissioners of Minnehaha county, acting as a board of equalization, in ignoring the action of the board of equalization of the city of Sioux Falls concerning said land, and by placing the same upon the assessment list for taxation, by their act of July 10, 1891, exceeded their jurisdiction, and acted without authority of law,"—which the court refused, and thereupon the plaintiffs duly excepted. Judgment was thereupon rendered in favor of the defendant, and plaintiffs appeal.

The section of the statute under which the plaintiff's claim the property as exempt from taxation is subdivision 14, § 1542, Comp. Laws, and reads as follows: "The following classes of property shall be exempt from taxation, and may be omitted from the list herein required to be given:  *  *  *  (14) Any one-fourth part of any quarter-section of prairie land, the same being a legal subdivision, on which five acres of timber shall be planted either by sowing seed or setting trees or cuttings, and the same to be kept in growing order by cultivation and not to be more than twelve feet apart each way, together with all improvements thereon, not to exceed in value one thousand dollars, and for a period of ten years from and after the planting of said timber, and any change of ownership of such land shall in no way affect the exemption from taxation as herein provided; provided, however, that no person shall derive any of the benefits as set forth in this subdivision until such person shall file an affidavit with the assessor that he has in every way complied with the requirements of the law made and provided in such cases, whereupon the assessor shall make a note of the facts in his list, and shall therein state in effect the following words, to-wit:  'Exempt from taxation by virtue of tree culture,' and shall describe the particular tract or tracts of land so exempt."

The first question presented for our consideration is as to the construction of this section.  Is the land, to the extent of 40 acres, absolutely exempt, of whatever value, with improvements to the value of $1,000?  Or, is the 40 acres, together with improvements, to the value of $1,000, exempt, only?  So much of the section as will present the matter clearly reads as follows:  "Any one-fourth part of any quarter-section,  *  *  *  together with all improvements thereon, not to exceed in value one thousand dollars."  The word "together" is important, in construing this section.  If the lawmakers intended that the 40 acres of land should be absolutely exempt, and that the limitation should only apply to the improvements, there would be

no necessity for the word "together." It would be entirely superfluous. One of the cardinal rules of construction is to give effect, if possible, to all the language of the act or section to be construed. Suth. St. Const. § 239; *In re* New York and Brooklyn Bridge, 72 N. Y. 527, We are not at liberty, therefore, to disregard the word "together," but must give to it its ordinary meaning. Doing so, it is quite clear that the limitation applies to the land and improvements, taken together; and hence the land and improvements, to the value of $1,000 only, are exempt. Their value, therefore, above that amount, is subject to taxation. The construction contended for by appellants would lead to the greatest inequality in taxation. One who has 40 acres in the country, worth a few hundred dollars, would only receive the benefit of the exemption of that amount, for his labor in planting and cultivating his five acres of trees, while a resident of a city might obtain the benefit of an exemption, as in this case, of $15,000, and which might, in case the 33 acres were in the heart of a city, extend into the hundreds of thousands. Unless the language of the section is too clear to admit of any other construction, we should feel inclined to so construe it as to prevent such inequitable and unjust discrimination between the taxpayers of the state. In the case at bar, however, the language of the section not only admits of the construction we feel inclined to give it, but the language seems to require such a construction, and properly admits of no other. It is quite apparent, also, that the limitation was intended by the legislature to include both the land and the improvements, and it has adopted the proper phraseology to express that intention.

Counsel for appellants further contend that the board of county commissioners had no authority to replace the property upon the assessment list after it had been stricken off as exempt by the city council. But we think this contention cannot be sustained. By section 42, c. 14, Laws 1891, it is made the duty of the county auditor, "if he discovers that the assess-

ment of any property has been omitted, to enter the same upon the proper list"; and the same duty is imposed upon the county board of equalization. Comp. Laws, § 1585; Billinghurst v. Spink Co. (S. D.) 58 N. W. 272. The action of the city council in striking off the assessment was clearly without authority and void, and the county auditor and county board of equalization were right in disregarding the action of the city council. The powers of the city council, when sitting as a board of equalization, are defined by section 5, art. 10, c. 37, Laws 1890. While, possibly, under the provisions of this section, the city council, when sitting as a board of equalization, under its powers to correct "alleged errors in the listing or valuation of" property, might have the power to strike from the assessment roll property exempt from taxation, yet such action would be binding upon the county only when the right of exemption was clearly established. An attempt to strike off property not exempt would not be binding upon the county. In the case of an exemption under the provisions of section 1542, subd. 14, Comp. Laws, the duty of making the exemption seems to have been devolved upon the city assessor. But it is not necessary to pass upon this question, as the action of the city board was clearly unauthorized, and its action was properly disregarded by the county auditor and the county board of equalization.

Counsel for appellants further contend that the only method provided for correcting the action of the city board was by an appeal to the circuit court. But no appeal is given to anyone except that "any person feeling aggrieved at any decision of the board of equalization, upon any matter, he has called upon it to correct, alter or change, in reference to the listing or valuation of his property, may appeal to the circuit court of the county where the property is situated." Laws 1890, c. 37, art. 10, § 5. It will be observed that the right of appeal is here limited to a specified class, and it cannot be extended to include parties not fairly within its provisions. The right of

appeal is a statutory right, and can only be exercised by the parties to whom it is given.   This court said in Black Hills Flume & Min. Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342, that "it is a well settled doctrine that there is no common-law right of appeal, and that appellate courts have only such jurisdiction over appeals as may be specially conferred—constitutional or statutory."   As the county auditor and board had before them the assessment made by the assessor, it was not necessary to refer it to him again.   The learned counsel for respondent has suggested that the exemption provided for by subdivision 14, § 1542, conflicts with sections 5–7, art. 11, of the state constitution.   But it might be claimed that the exemption provided for is in the nature of a contract, and is not affected by the state constitution.   This question is fully discussed in Cutting v. Taylor, S. D., 51 N. W. 949.   As this case does not require a decision of this question, we express no opinion upon it at this time.   Our conclusions are that the court below took a correct view of the law, and that it would not have been justified in adopting the theory of the appellants.   The judgment of the circuit court being, in our opinion, correct, the same is affirmed.   All the judges concur.