STATE ex rel CLOUGH, Plaintiff, v. TAYLOR, Circuit Judge, Defendant.

(238 N. W. 22.)

(File No. 7302. Opinion filed September 21, 1931.)

*Longstaff & Gardner,* of Huron, for Plaintiff.

*Churchill & Benson,* of Huron, for Defendant.

RUDOLPH, J. The petitioner, Clough, seeks a writ of prohibition directed against Alva E. Taylor, judge of the circuit court of the Ninth judicial circuit of the state of South Dakota.

The facts upon which petitioner seeks the writ, briefly, are as follows: Action was commenced against petitioner, Clough, in the circuit court of Beadle county, wherein judgment was asked in the amount of $76.05. No answer was made by the defendant, and on May 23, 1931, judgment by default was entered, signed by the judge against whom the writ in this action is sought. Prior to the time of the entry of the default judgment, Clough had made some payments on the account, and the amount of the judgment was reduced accordingly; after the entry of judgment Clough made some further payments. On July 15, 1931, Clough applied for and received from the circuit court of Beadle county an order to show cause why the default judgment should not be set aside, and after a hearing the court refused to set aside the default judgment. The city of Huron has a municipal court established in 1925.

The petitioner maintains that the circuit court of Beadle county was without jurisdiction to enter the default judgment, arguing that the summons and complaint were served upon the

defendant in the city of Huron, and that therefore the jurisdiction of the municipal court is exclusive, citing article 5, § 23, Constitution of South Dakota, which provides: " * * * In cities having a population of five thousand or over the legislature may provide, in lieu of police magistrates, for municipal courts, the judges whereof shall be chosen in such manner as the legislature shall prescribe, which courts shall have exclusive original jurisdiction of all cases, both civil and criminal, cognizable before a justice of the peace under the laws of the state, and in which process shall be served within the city where such court is established; and shall also have exclusive original jurisdiction of all cases arising under the ordinances of such city. Such court shall also have jurisdiction coextensive with the county in which such city is situated, in such civil and criminal cases as may be provided by law."

The merits of the question presented are interesting, but in order to conform to prior decisions of this court, and to make an orderly disposal of the business before this court without giving preference, we are precluded from considering the merits.

It is apparent that the petitioner has an adequate remedy at law by appeal to this court. Petitioner in fact is merely using the writ here applied for as a method of appeal. This will not be permitted. The most recent statement of this court is in the case of State ex rel. Potts v. Eddy, Circuit Judge, 58 S. D. 424, 236 N. W. 470. The reasons given in this last-mentioned case and the authorities cited apply with equal force in this proceeding.

It might be well to also call attention to the case of State ex rel. Commonwealth Finance Corporation v. Circuit Court of Beadle County, 43 S. D. 421, 179 N. W. 691, 692, wherein this court said pertaining to a writ of prohibition: "Two things are absolutely essential to a right to the extraordinary relief sought herein: (a) The lower tribunal must be threatening to act without, or in excess of, its jurisdiction. (b) The parties seeking this relief must be without other adequate remedy. If either of these necessary elements are lacking, the relief prayed for must be denied."

The writ prayed for is denied.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.