In re McCALLUM et al

YANKTON COUNTY, Respondent, v. CODINGTON COUNTY, Appellant

(287 N. W. 498.)

(File No. 8187. Opinion filed August 16, 1939.)

</div>

**600**

*Alan L. Austin* and *Perry F. Loucks,* both of Watertown, for Appellant.

*John E. Walsh,* of Yankton, for Respondent.

WARREN, P.J.    One Cecil Roy McCallum, his wife and children lived and had their legal settlement in Faulk County, South Dakota.    In 1935 they moved from Faulk County to Yankton County, South Dakota, where they resided for approximately three years.    While living in Yankton County the father was employed most of the time at work he was able to pick up.    Some financial assistance was rendered by the county to him and his family when they were short of funds.    On July 30, 1937, McCallum and his family moved from Yankton County to Codington County, taking their personal belongings with them, which, under the evidence, was valued at about $285 and consisted of household furniture, bedding, radio, dishes, a washing machine and a 1928 Pontiac sedan.    Mc-Callum obtained work in Codington County and on the 13th of August started to work with a thresher in Codington County.    In October McCallum met with an accident suffering the loss of an arm.    Thereafter he and his family received some aid and assist-ance from Codington County.    One of the county commissioners of Codington County issued a notice and warning to McCallum on the 28th day of October, 1937, to depart from Codington Coun-ty.    On November 4, 1937, without any court order or any papers whatever, all the McCallums, together with their belongings, were moved from Codington County to Yankton County, South Dakota, by one Cliff Alexander.    Shortly thereafter the McCallum family was moved back to Codington County.    An action was brought in the municipal court at Watertown, Codington County, South Dakota, to determine the issues involved in the legal settlement of the Mc-Callums.    The municipal court entered its order declaring that the McCallums were residents of Yankton County as they were persons

subject to poor relief of that county. An order was made directing the return of said persons. On March 11, 1938, Yankton County appealed from the order of the municipal court of the City of Watertown, Codington County, South Dakota, to the circuit court of Yankton County, South Dakota. At the commencement of the trial in the circuit court, Codington County moved to dismiss the appeal of Yankton County on the grounds that the appeals from the decisions of the municipal court of the City of Watertown, S. D., could not be taken to the circuit court but if any appeal could be taken it would be taken to the Supreme Court of South Dakota under Section 2250 of the Revised Code of 1919, as amended by Chapter 152 of the Session Laws of South Dakota for the year 1923, and that therefore the circuit court had no jurisdiction to consider the appeal of Yankton County. This objection was overruled and is now urged as error in this court and, being a jurisdictional matter, it will receive our immediate consideration, for it seems so vital that we feel that a disposition of the jurisdictional question will determine, upon this appeal, in favor of the appellant without any consideration of other issues involved in the appeal to this court.

Section 26 of Chapter 191, S. D. Session Laws of 1907, relating to appeals from judgments and order of the municipal courts, provided for a direct appeal to the Supreme Court and in the same manner and under the same restrictions as appeals taken from the circuit court to the Supreme Court, except that in actions cognizable before a justice of the peace an appeal might be taken to the circuit court. This section was again considered by the legislature in 1913 and some changes made; see Ch. 278.

We next find the appeal section as Section 2250, 1919 S. D. Rev. Code, which reads as follows: "Appeals may be taken from the municipal to the supreme court in the same cases, in the same manner, within the same time and with the same effect as appeals from the circuit to the supreme court, and shall be governed by the same provisions of law."

The legislature, by Chapter 279 of the S. D. Session Laws of 1919, amended Sec. 2250 and it reads as follows: "Appeals may be taken from the Municipal to the Supreme Court in both civil and criminal cases, in the same manner, within the same time, and with the same effect, as appeals from the Circuit to the Supreme

Court, and shall be governed by the same provisions of law. Provided, however, at the option of the appellant, appeals may be taken from the Municipal to the Circuit Court, in all cases both civil and criminal, cognizable by the Municipal Court, and where appeals are taken from the Municipal Court to the Circuit Court, they shall be taken in the same manner, within the same time, and with the same effect, as appeals from the Justice Court to the Circuit Court, and shall be governed by the same provisions of law, as appeals from the Justice to the Circuit Court."

The above section was again considered by the 1923 South Dakota Legislature, consideration of which resulted in the enactment of Sections 1 and 2 of Chapter 152, page 131, which read as follows:

"Section 1. That Section 2250 of the South Dakota Revised Code of 1919, as amended by Chapter 279 of the Session Laws of the State of South Dakota for the year 1919, be and the same is hereby amended to read as follows:

"Section 2250. *Appeals.* Appeals may be taken from the municipal to the Supreme Court in the same cases, in the same manner, within the same time and with the same effect as appeals from the Circuit to the Supreme Court, and shall be governed by the same provisions of law.

"Section 2. All acts and parts of acts in conflict with this act are hereby repealed."

It will be observed that the Legislature, after various statutes concerning appeals had been enacted, in this last amendment used the precise language of Section 2250 of the 1919 S. D. Revised Code. In its Section 1 it provides for the amending of Chapter 279 of the 1919 S. D. Session Laws, simplifying the language and eliminating, as we believe, all of the language therein contained permitting appeals to Circuit Court in certain cases and rewrote the section in its entirety so that it should conform to the language of Section 2250 permitting appeals from the Municipal Courts to the Supreme Court only. By Section 2 there was another attempt to define its intention by stating that all acts and parts of acts in conflict with this act "are hereby repealed." It is therefore apparent that the legislature intended and we believe aptly stated that appeals from the Municipal Court could be taken only to the Supreme Court. The legislature also made reference to the method to be employed in taking appeals to the Supreme Court by stating

that the manner of appeals should be the same as appeals from the Circuit Court to the Supreme Court and that appeals should be governed by the same provisions of law as those provided for in appealing from the Circuit to the Supreme Court.

It is quite clear to us that an appeal to the Circuit Court was by statute eliminated, leaving the only method of appeal in any type of case tried before the Municipal Court to be direct to the Supreme Court. The right of appeal is statutory and in the absence of a statutory permission an appeal will not lie. City of Huron v. Carter, 5 S. D. 4, 57 N. W. 947; Black Hills Flume & Mining Co. v. Grand Island & W. C. R. Co., 2 S. D. 546, 51 N. W. 342; Grigsby v. Minnehaha County, 6 S. D. 492, 62 N. W. 105; Id., 7 S. D. 421, 64 N. W. 179; Overton v. City of Sioux Falls, 47 S. D. 135, 196 N. W. 297; National Bank of Commerce v. Jury, 48 S. D. 467, 204 N. W. 945; Downs v. Bruce Independent School Dist. No. 49 of Brookings County, 52 S. D. 168, 216 N. W. 949.

It will be observed that Sec. 10048, Rev. Code 1919, did not give the municipal court power to issue the warrant; only the justice of the peace was vested with that power. This has been changed by SDC 50.0401, giving the municipal court like power with the justice of the peace to issue the warrant. By SDC 50.0402 an appeal from the municipal court is permitted direct to the circuit court the same as an appeal from a justice of the peace. [This change effective July 1, 1939.] This change clarifies Sec. 10049, Rev. Code 1919, relating to appeals of removal orders made by a justice of the peace or a municipal court.

The attempted appeal was not taken in conformity with the provisions of our statutes conferring upon the Supreme Court only the power to hear appeals from the municipal courts and the circuit court therefore was without jurisdiction to try and determine the matters at issue. Casserly v. Marshall, 35 S. D. 47, 150 N. W. 480. The language employed by the legislature in passing Chapter 152, S. D. Session Laws of 1923, we believe, is amply sufficient to accomplish the change which we believe they had in mind when they sought to eliminate appeals to the circuit court and retain an appeal only to the Supreme Court.

The judgment appealed from is reversed and the cause is remanded to the Circuit Court with directions to dismiss the appeal attempted to be taken from the Municipal Court.

POLLEY, ROBERTS, RUDOLPH and SMITH, JJ., concur.