CITY OF ABERDEEN, Respondent, v. FORKEL, Appellant
(37 N. W.2d 407.)

(File No. 8979.   Opinion filed May 9, 1949.)

**Chas. E. Gorsuch,** of Aberdeen, for Appellant.

**Ivan Huntsinger** and **Elmer Thurow,** both of Aberdeen, for respondent.

RUDOPLH, J.  This court held in the case of City of Sioux Falls v. Peterson, 71 S. D. 446, 25 N. W.2d 556, that it is within the power of a municipality to require by ordinance that one involved in a motor vehicle accident resulting in injury or death to any person or property damage shall immediately stop and give his name, address, etc.  The question presented in this case is whether it is within the power of a municipality to by ordinance prohibit one convicted of drunken driving from driving on the streets of the city for one year.

In the Peterson case it was pointed out that under the comprehensive terms of SDC 45.0201(32) which delegates to every municipality the power, "To regulate the use of motor vehicles * * *" and SDC 45.0201(19) which empowers municipalities, "To enact * * * all such ordinances, * * * as may be proper and necessary to carry into effect the powers granted thereto, * * *" any adopted regulation which contributes substantially to the object sought to be accomplished by the grant of power, is valid and will not be set aside by the court as unreasonable.  See also SDC 44.0121 and SDC 45.0201(44).  We further held in the Peterson case that an act may be an offense against municipal authority notwithstanding such an act has been made a public offense by statute; and further that by the enactment of the Uniform Motor Vehicle Act in 1929, SDC 44.03, the legislature did not intend to occupy the field of motor vehicle regulation and thus to withdraw completely the power theretofore granted municipalities.

There is but one question in this case that was not fully decided in the Peterson case.  This question arises under SDC 44.0334, Sec. 34, Uniform Motor Vehicle Act, which provides so far as here material, "Local authorities

\* \* \* shall have no power \* \* \* to enact or enforce any rule or regulation contrary to the provisions of this chapter, \* \* \*". The question presented is whether the Aberdeen regulation relating to drunken driving is contrary to the provisions of SDC 44.9922. We hold that it is not.

SDC 44.9922 provides:

"Driving while under the influence of intoxicating liquor or narcotic drugs. Whoever operates or attempts to operate a motor vehicle on public highways in this state, while in an intoxicated condition, or while under the influence of liqour, or any exhilarating or stupefying drug, shall be guilty of a misdemeanor, and the having on or about his person, or in his clothes or in or about said vehicle, any of such liquor or drug is prima facie evidence of violation of this law, and shall be punished by a fine of not less than fifty dollars nor more than three hundred dollars, or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment, and the court shall in each case in passing sentence include in such judgment an order prohibiting such convicted person from operating any motor vehicle upon the public highways of this state for a period of one year from the date of conviction. If such person so convicted shall at the time of his arrest be operating a motor vehicle of which he is the owner, the court may in addition issue its order canceling the license issued upon such motor vehicle for the current year and direct delivery by the defendant of the license plates assigned to such motor vehicle into the court.

"Any person found guilty under the provisions of this section, and any person whose license plates have been canceled as herein provided, who shall thereafter and within the period fixed by the court's order, operate or attempt to operate, any motor vehicle upon the public highways in this state shall be guilty of a misdemeanor and punished by a fine of not less than one hundred fifty dollars nor more than three hundred dollars, or by imprisonment in the county jail for any term not exceeding one year, or by both such fine and imprisonment.

"It shall be the duty of any police officer or sheriff of the state to arrest any person found violating the provisions of this section."

Sec. 66 of Ordinance 560, City of Aberdeen, makes driving while intoxicated a misdemeanor and in addition to the fine and a jail sentence provides that any convicted person shall not operate any motor vehicle upon any public street or alley in the City of Aberdeen for a period of one year after conviction. Sec. 67 of the Ordinance makes it a misdemeanor for any person convicted under Sec. 66 to operate a motor vehicle within the one-year period, and provides a penalty "* * * of not less than $50.00 and not more than $300.00 fine, or by imprisonment in the City Jail or Workhouse not exceeding one year, or by both such fine and imprisonment." It should be observed that the ordinance does not attempt to cancel the license issued 'upon the motor vehicle, nor does it extend the prohibition against driving beyond the corporate limits of the city. In other words, the regulation is purely local and purports to govern only within the jurisdiction of the city commission. Appellant was convicted under Section 67 of the ordinance.

This ordinance does not adopt the phrasing of the statute, but the ordinance and the statute both prohibit driving a motor vehicle while intoxicated, and are not, therefore, in conflict in their purpose. The penalties provided by the ordinance and the statute are not identical, but an ordinance is not in conflict with a statute because of differences in penalties. The City of Evanston v. Wazau, 364 Ill. 198, 4 N. E.2d 78, 106 A. L. R. 789; Villiage of Struthers v. Sokol (City of Youngstown v. Sandela), 108 Ohio St. 263, 140 N. E. 519. Especially is this true in the light of our holding that the violation of a statute and the violation of an ordinance by the same act are separate offences, and subject of separate punishment. The great majority of the decided cases sustain the validity of this ordinance. See Annotations 21 A. L. R. 1212, 64 A. L. R. 1005, and 147 A. L. R. 566.

Appellant relies upon a case from Arizona, Clayton v. State, 38 Ariz. 135, 297 P. 1037, on rehearing, 38 Ariz. 466, 300 P. 1010, and a North Dakota case, City of Fargo v.

Glaser, 62 N. D. 673, 244 N. W. 905. The Arizona case was decided under statutes not similar to ours. Arizona had no express grant of power to municipalities similar to our SDC 45.0201(32) empowering cities to regulate the use of motor vehicles. Had there been such express provision it is apparent from the opinion on rehearing that the Arizona court would have reached a different result for it was therein stated: "It is not a novelty in the law to find the same act punishable by statute and by city ordinance. Indeed it is quite common for the two jurisdictions to legislate concurrently on the same subject. Where the subject is one of local interest or concern, **or where though not of local concern the charter or legislation confers on the city express powers to legislate thereon,** both jurisdictions may legislate on the same subject. * * *" It was there held that by the Highway Code of Arizona the legislature had appropriated the field relating to drunken driving in Arizona. We think it clear, following the reasoning in the Peterson case, that under the express provisions of our Motor Vehicle Act there has been no such appropriation in this state. The only limitations upon municipal corporations to legislate upon the use of motor vehicles are to be found in SDC 44.0334. This section provides no limitation upon regulation as to intoxication of drivers.

Neither does it appear from the opinion in the North Dakota case that North Dakota has a statute expressly granting to municipalities the comprehensive power to regulate the use of motor vehicles found in SDC 45.0201(32). However, the holding in the North Dakota case that the Uniform Vehicle Act was intended to be exclusive legislation upon the use of motor vehicles, except as to powers specifically granted therein to local authorities, conflicts with our holding in the Peterson case. Our holding on this question is in accord with the opinion of the dissenting judges in the North Dakota case.

Our conclusions art that the Aberdeen ordinance relates to a subject upon which the legislature has empowered municipalities to act by SDC 45.0201(32) and (19), and the Uniform Motor Vehicle Act, SDC 44.03, has not destroyed

this power to act because the ordinance is not contrary to the provisions of the statute.

The judgment appealed from if affirmed.

SMITH, P. J., and ROBERTS and SICKEL, JJ., concur.
HAYES, J., dissents.

HAYES, J. (dissenting). Appellant challenges the validity of an ordinance of the City of Aberdeen which provides in substance that any person convicted of driving while under the influence of intoxicating liguor is prohibited from operating any motor vehicle upon any street of said city for a period of one year from the date of such conviction. Said ordinance also provides punishment for a violation thereof. Being found guilty of a violation of said ordinance, sentence was entered reciting the filing of a complaint charging the defendant with the commission of a public offense, to wit: "Violating a Court Order restraining him from operating an automobile", and imposing a fine of $150. The complaint against Forkel does not charge him with the violation of a court order. The same charges a violation of the ordinance above mentioned. It is obvious, however, that the sentence was imposed not as punishment for disobedience of a court order but for an infraction of the prohibiting ordinance.

I find no escape from the view that the purpose and effect of the ordinance in question is to invoke a punishment and penalty upon persons who are theretofore convicted of driving while intoxicated and that such an ordinance is not authorized under SDC 45.0201(32) nor by any other provision of our statutes.

For the violation of an ordinance a city is empowered to provide punishment by a fine not exceeding fixed amounts or by imprisonment not exceeding stated periods or by both such fine and imprisonment. SDC 45.0201(19). An ordinance which exceeds these express limitations cannot be sustained upon the theory that the punitive ordinance relates but to the use of motor vehicles and therefore regulates use and traffic thereof as authorized by SDC 45.0201 (32) and other code provisions referred to in the majority

opinion. The policy of the law is to require of municipal corporations a reasonably strict observance of their powers. Ericksen v. City of Sioux Falls, 70 S. D. 40, 14 N. W.2d 89. A penalty imposed by ordinance must be within the limit prescribed in the grant of power. McQuillin, Municpal Corporations, 2d Edition, Vol. 2, § 757, page 854. The scope of sovereignty delegated to municipal corporations should not be enlarged by liberal construction. 37 Am. Jur., Municipal Corporations, § 113, page 725, note 17. Only by the most liberal construction can it be said that the power to "regulate" the use of motor vehicles includes authority to suspend or prohibit the right of an individual to the use and enjoyment of his property for a substantial period. See McQuillin, Municipal Corporations, 2d Edition, Vol. 1, § 372, pp. 1031 to 1033.

I believe that the assailed ordinance is an unlawful attempt to impair the common right of the individual to the use and enjoyment of his property, rather than a lawful and reasonable regulation of the exercise of such right. I therefore dissent.