STATE OF NEBRASKA, APPELLEE, v. DELMAR LOOKABILL, APPELLANT.

125 N. W. 2d 695

Filed January 10, 1964. No. 35531.

Dryden & Jensen, for appellant.

Ward W. Minor, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and ZEILINGER, District Judge.

CARTER, J.

The defendant was convicted of operating a motor vehicle upon the public streets of the city of Kearney while under the influence of alcoholic liquor, contrary to the ordinances of the city. The defendant brings the case here for review.

The only contention made is that the trial court erred in overruling defendant's motion to quash the complaint. Defendant asserted as grounds for quashing the complaint that (1) there was no ordinance making the charge an offense, (2) the ordinance purporting to invest the police court with jurisdiction to enforce any penalty is illegal, void, and unconstitutional, and (3) the complaint was filed by a person having no authority to do so.

The primary question raised is whether or not the

ordinance involved was a constitutional exercise of the city's police power. The pertinent part of ordinance No. 1681, here relied on, provides: "The traffic rules and regulations contained in Chapter 39, Article 7 of the Revised Statutes of 1943, Re-issue of 1960, as therein provided as may be amended and hereby adopted as the rules and regulations of the City of Kearney, Nebraska, except such penalties as provided for in said Chapter 39, Article 7, and except as may be specifically provided or modified by ordinance. The Police Court of the City of Kearney, Nebraska, is given jurisdiction over all complaints for violation of such rules and regulations, and for the imposing of penalties as provided in Section 1.7, 'General Penalty' of this code, which shall be the maximum penalty which for the purpose of this section shall supersede all other penalties."

Section 1.7, referred to in the ordinance, provides: "Whenever in this Code or in any other ordinance of the city, any act is prohibited or is made or declared to be unlawful or an offense, or the doing of any act is required or the failure to do any act is declared to be unlawful or an offense, where no specific penalty is provided therefor, any person upon the conviction of a violation of any such provision of this Code or any other ordinance of the city shall be punished by a fine not exceeding one hundred dollars for each offense; and such person shall stand committed to the city jail until such fine and costs of prosecution are paid, secured or otherwise discharged according to law."

Chapter 39, article 7, R. R. S. 1943, incorporated into the ordinance by reference, includes sections 39-701 to 39-7,135, R. R. S. 1943, and occupies some 92 pages of statutory provisions. The foregoing statutes include the rules of the road, the regulations of automobiles, trucks, and trailers, and the penalties for the violation of such which include penalties for both

misdemeanors and felonies. The statutes incorporated in the ordinance also provide for the suspension and revocation of drivers' licenses for certain specified violations.

It is a recognized rule that the law-making body of a municipality may enact laws of the state by reference. In City of Tucson v. Stewart, 45 Ariz. 36, 40 P. 2d 72, 96 A. L. R. 1492, the following is quoted with approval: "'An ordinance may by reference adopt the provisions of statutes or prior ordinances, and in such case the statute need not be set out in totidem verbis, and entered upon the minutes of the corporation. An ordinance establishing grades of streets may properly refer to maps and books on file in a public office, as a part thereof.' 2 McQuillin, Mun. Corps. (2d Ed.) § 710; Sloss-Sheffield Steel & Iron Co. v. Smith, 175 Ala. 260, 57 So. 29; Napa v. Easterby, 76 Cal. 222, 18 Pac. 253; Southern Operating Co. v. Chattanooga, 128 Tenn. 196, 159 S. W. 1091, Ann. Cas. 1914D, 720." See, also, City of Milwaukee v. Krupnik, 201 Wis. 1, 229 N. W. 43; City of Litchfield v. Thorworth, 337 Ill. 469, 169 N. E. 265; Greene v. Town of Lakeport, 74 Cal. App. 1, 239 P. 702.

The ordinance in question adopts only the rules and regulations contained in Chapter 39, article 7, R. R. S. 1943 (1960), which contains much that may not be denominated as rules and regulations. While the adoption of such a statute by reference may be subjected to criticism as a matter of policy, we cannot say that it is so indefinite and uncertain as to require a holding of unconstitutionality on that ground.

The defendant urges that the ordinance is unconstitutional in that it adopts the rules and regulations of Chapter 39, article 7, R. R. S. 1943, "as therein provided as may be amended." It is a general rule that a legislative body such as a city council may not delegate its power to enact ordinances. The general police power possessed by a city is one of which a city can-

not divest itself, by contract or otherwise. 62 C. J. S. Municipal Corporations, § 154b, p. 316; 11 Am. Jur., Constitutional Law, § 254, p. 983. The provision "as may be amended" is void and of no force and effect as an attempt to make future amendments of Chapter 39, article 7, R. R. S. 1943, amendments ipso facto of ordinance No. 1681 of the city of Kearney. A city council may not by ordinance make future amendments of a statute enacted by reference into a city ordinance a part of such ordinance. It constitutes an unconstitutional delegation of the legislative power of the city.

It is asserted that the inclusion of this invalid delegation of power has the effect of nullifying ordinance No. 1681. We had a situation similar in principle before us in Lennox v. Housing Authority of the City of Omaha, 137 Neb. 582, 290 N. W. 451. In that case we said: "When it appears that unconstitutional portions of an act can be separated from the valid portions and the latter enforced independent of the former, and it further appears that the invalid portions did not constitute such an inducement to the passage of the valid parts that they would not have been passed without them, the former may be rejected and the latter upheld."

A workable ordinance remains after the invalid portion is stricken out. It may not be said that the invalid portion of the ordinance was such an inducement to its passage that it would not have been enacted if it had not been included. The nature of the invalid part that has been nullified and the relation it bore to the remaining portions of the ordinance is such as to permit the remaining valid parts to remain in full force and effect. Nelsen v. Tilley, 137 Neb. 327, 289 N. W. 388, 126 A. L. R. 729. We think the foregoing rule controls the instant case.

The defendant contends that the failure of the police magistrate to grant him a jury trial upon his demand was such an error as to invalidate his conviction. The

controlling rule is stated in State v. Amick, 173 Neb. 770, 114 N. W. 2d 893, wherein it is said: "The constitutional provision that the right of trial by jury should remain inviolate has been construed by this court to mean that it should remain as it was at the time of the adoption of the Constitution. The offense involved in the present case did not exist at that time and, consequently, it being a petty offense, the right to a jury trial is not within the scope of the constitutional guaranty. Under such circumstances, the matter of a jury trial is a legislative matter. The Legislature, by section 26-183, R. R. S. 1943, has specifically provided for jury trial in all cases 'except criminal cases arising under city or village ordinances.' This is clearly within the province of the Legislature to do and controls the disposition of the present case." The defendant was not entitled to a jury trial in the police court on an offense charged under the city ordinance. This is so even though the person charged would be entitled to a jury trial if prosecuted under a state statute for the same offense.

Defendant assigns as error the order of the court suspending his driver's license for a period of 6 months. This question is controlled by Gembler v. City of Seward, 136 Neb. 916, 288 N. W. 545, wherein we said: "The right to operate a motor vehicle within the state of Nebraska is dependent solely upon the issuance of a driver's license by the state. It is a field over which the state has reserved exclusive control. No power has been conferred upon the city of Seward to suspend or regulate, by ordinance, any such license privilege which the state has granted. That, however, is the purpose and effect of the ordinance provision quoted, and it is therefore invalid, but without affecting the other provisions of the ordinance. It may be added that, even if no driver's license statute existed, the city of Seward could not exercise general police powers to prohibit the operation of a motor vehicle throughout the rest of the state for violation of one of its ordinances." We necessarily

hold that a conviction of an offense under a city or village ordinance will not authorize the suspension or revocation of a driver's license by a police or municipal court. The judgment of the district court is accordingly modified to the extent of vacating the portion of the judgment suspending the driver's license of defendant for a period of 6 months. The judgment of the district court is otherwise affirmed.

AFFIRMED AS MODIFIED.