OVERPECK, Plaintiff v. WIEDENMAN, Defendant and CHAMBERLIN, Intervenor

(132 N.W.2d 213)

(File No. 10219. Opinion filed December 22, 1964)

R. C. Riter, Stephens, Riter & Mayer, Pierre, R. E. Driscoll, Jr., Kellar & Kellar & Driscoll, Lead, for plaintiff.

Frank L. Farrar, Atty. Gen., L. A. Weisensee, Asst. Atty. Gen., Pierre, for defendant.

Frank Brady, John Kabeiseman, Yankton, for intervenor.

PER CURIAM. Because of the public importance of the question, this court in its discretion determined to act in this application for a writ of prohibition involving a request for a recount of votes for Lieutenant Governor in the 1964 general election held November 3rd. Putman v. Pyle, 57 S.D. 250, 232 N.W. 20.

The Board of State Canvassers is by SDC 16.1717 directed to meet on the Thursday following the fourth Monday after the day of election for the purpose of obtaining the returns from all of the counties and proceed to canvass the vote. An adjournment not exceeding twenty days is allowed. In 1964 this was December 3rd. That canvass showed Plaintiff, the Republican candidate, received 141,212 votes and Intervenor, the Democrat candidate, 140,882 votes.

On December 12, 1964, the Intervenor filed a petition asking for a recount under SDC 16.1803 and the Secretary of State indicated that she was ready to and would proceed to authorize a recount. Plaintiff made this application for a writ of prohibition against the Secretary of State from so acting thereunder. At Intervenor's request, he was made a party. The court heard arguments of counsel at the hearing December 21, 1964 and briefs were submitted.

SDC 16.18 of the 1939 Code provides for recounts in elections. SDC 16.1803(4) provides:

"Whenever any candidate for an office, position, or nomination other than the Legislature is voted upon in more than one county, and has been defeated according to the official returns by a margin which does not exceed one-fourth of one per cent of the total vote cast for all candidates for such office, position, or nomination, he may within ten days after completion of the official canvass by the State Board of Canvassers file a petition with the Secretary of State setting forth that he believes a recount will change the result and praying that such recount be had in all the precincts involved in the election, whereupon the Secretary of State shall forthwith by registered mail notify each county auditor whose county includes any such precincts of the filing of such petition, and such recount shall be conducted as to all of such precincts in each such county;"

In the 1963 Session the Legislature of the State of South Dakota enacted Chapter 120 as follows:

"Anything in Title 16 of the South Dakota Code of 1939, as amended, to the contrary notwithstanding, the county or city auditor, town or township clerk, as the case may be, may destroy voted ballots no sooner than thirty days following the election at which such ballots were voted, provided, however, that such ballots shall not be destroyed if any recount or contest of such election is pending."

Prior to the passage of this chapter the ballots were to be carefully kept until needed at some later election. SDC 16.1708 and SDC 16.1709 and see Ch. 109, Session Laws of 1963. Under SDC 16.1803(4) a candidate has ten days after the completion of the official canvass to petition for a recount. The official canvass takes place thirty days after the election and a request for recount for state office may not be filed until after that canvass has been completed.

By Chapter 120, supra, however, all voted ballots now may be destroyed thirty days following the election.[1] Chapter 120 of the 1963 Session Laws cannot be reconciled, as to state offices with the recount provisions of SDC 16.1803 for, under Chapter 120, the ballots to be recounted are authorized to be destroyed at a time prior to that which a recount can be requested when, as here, no recount or contest was pending.[2] Our conclusion is that while repeal of a statute by implication is not favored the two provisions of law cannot be reconciled and that Chapter 120 repealed SDC 16.1803(4) so far as a recount was provided for the offices therein mentioned.

It was contended at the hearing that the requested writ would not lie against the Secretary of State to prohibit her from proceeding to authorize the recount. The contrary result was

1. Chapter 120, Laws of 1963 originated as House Bill 530. As introduced it authorized the ballots to be destroyed "six months" following the election. This gave ample time within which the recount provisions of SDC 16.1803 might operate. The House Committee on Elections in reporting the Bill reduced the time from six months to thirty days and the Bill was passed by both the House and Senate by unanimous vote. The complete history is shown in the respective Journals.

2. The record shows that acting pursuant to this chapter, the ballots for one county were destroyed December 4, 1964 and are not available for a recount. In another county they were removed to other boxes and placed in a storage room in the courthouse. While these actions are not determinative as it is what may be done under the statute, not what was done, they indicate the result reached by officials under it.

reached in State ex rel. Roberts v. Morrison, 64 S.D. 516, 268 N.W. 647. There it was said the duty required by law of an administrative officer may be prohibited by a writ of prohibition if the act to be exercised was in excess of the power and authority conferred upon such officer. As we have concluded the recount provision as to state offices was impliedly repealed by Chapter 120, the Secretary of State has no power or authority to proceed with or authorize the recount to be made.

While not involved in this decision it seems proper to call attention to SDC 1960 Supp. 16.22 which authorizes the use of voting machines in elections. They are required to be locked for thirty days after the canvass of the votes by the election board but may be opened and the seals broken within that time upon the order of "a court of competent jurisdiction". Legislation integrating voting machines into the recount procedure together with the preservation and protection of all ballots in all precincts for a sufficient time to be recounted, after the canvass by the Board of State Canvassers, may now be desirable.

The writ as prayed for will therefore issue.