PARHAM, Appellant v. MUNICIPAL COURT, CITY OF SIOUX FALLS, et al., Respondents

(199 N.W.2d 501)

(File No. 10982. Opinion filed July 13, 1972)

**Willy, Pruitt, Matthews & Jorgensen, Steve Jorgensen,** Sioux Falls, for petitioner and appellant.

**Roger Schiager,** City Atty., **Paul E. Mundt,** Asst. City Atty., Sioux Falls, for defendants and respondents.

HANSON, Presiding Judge.

Petitioner, Roger Parham, is charged with the offense of driving while under the influence of intoxicating liquor in violation of Sioux Falls Municipal Ordinance 13.160. He entered a plea of not guilty in Municipal Court and requested trial by jury. His request was denied. His application for the allowance of an intermediate appeal from such order was denied by this court. Likewise, petitioner's application for a Writ of Prohibition to restrain the Municipal Court from proceeding to trial without a jury was denied by the Circuit Court. Petitioner now appeals from the order denying his application.

The appeal presents the important question of whether or not a person charged with Driving a Motor Vehicle While Under the Influence of Intoxicating Liquor in violation of a municipal ordinance is entitled to a jury trial.

The statutory offense of driving a vehicle while under the influence of intoxicating liquor is defined in and proscribed by SDCL 32-23. In addition our legislature has expressly authorized every municipality in the state "to prohibit the operation or the attempt to operate a motor vehicle within the limits of the municipality while in an intoxicated condition, or while under the influence of liquor * * * and to provide for violation thereof penalties similar to and of the character of, but not to exceed, the penalties prescribed by Chapter 32-23, provided that the penalty against driving a motor vehicle shall extend only to prohibit the

defendant from driving a motor vehicle upon the public streets, alleys, avenues and highways within the municipality in which the offense was committed." Pursuant to such authority the City of Sioux Falls enacted Ordinance 13.160 which closely parallels the statutory offense of driving while intoxicated as set forth in Chapter 32-23.

A third conviction of the state offense constitutes a felony. SDCL 32-23-4. Except for this enhanced punishment there is no substantial consequential difference between the state offense and a municipal ordinance violation. Both are subject to all the provisions of the Implied Consent Law, SDCL 32-23-9, and a conviction of either the state offense or a municipal ordinance results in the mandatory revocation of the convicted person's drivers license by the State Department of Motor Vehicles. See SDCL 32-12-54 and 32-12-52.

Violations of municipal ordinances continue to create confusion, inconsistency, and uncertainty with respect to the exact nature of the proceedings and the rights of the parties involved. They have been characterized as civil, quasi-civil, hybrids, criminal, quasi-criminal, and criminal in form with varying results to meet the exigencies of a particular case. The term "sui generis" was recently added in the case of City of Brookings v. Thomsen, 84 S.D. 651, 176 N.W.2d 46, which involved a prosecution for the violation of a city ordinance prohibiting "Exhibition Driving." The maximum punishment provided by the ordinance was a fine of $100 and 30 days in jail. The court concluded whether or not prosecutions for violations of municipal ordinances be considered "civil or criminal or a hybrid form of either * * * defendant does not have a constitutional right to a jury trial for a violation of the municipal ordinance under which he was charged."

In arriving at its conclusion in the Brookings case the court recognized the validity and necessity of treating some violations of municipal ordinances as "civil" in nature and others as "criminal" in form, depending upon the particular offense involved. In this respect the court quoted with approval from Wharton on Criminal Law and Procedure, Vol. 1, § 12 as follows: "If

such violations are not made crimes by the general law, the proceedings to enforce or for a violation of such ordinances are civil in their nature. If such offenses are made crimes or misdemeanors by the general law of the state the proceedings must be considered as criminal in their nature. The distinction appears to be correct, for many of the offenses which are punishable under municipal ordinances are not offenses against the state, either by the common or the statute law, and are made so only by the ordinance in the particular case in question, and for this reason they have been termed 'quasi-criminal.' "

In the comparable case of State v. Hoben, 256 Minn. 436, 98 N.W.2d 813, the Minnesota Court held a person charged with driving an automobile while intoxicated in violation of a municipal ordinance was entitled to a jury trial as a matter of right. In doing so it conceded in numerous prior decisions it had denied the right to trial by jury in prosecutions for municipal ordinance violations for reasons of expediency; proof of guilt beyond a reasonable doubt was not necessary in such prosecutions; and a defendant could be convicted both under a statute and an ordinance covering the same subject without offending the constitutional prohibition against double jeopardy. The court then said it had "little difficulty in applying the foregoing authorities to prosecutions for violation of regulatory, licensing, zoning, and other ordinances which relate to matters of local concern. However, when ordinances carry more serious sanctions, adequate protection for the accused must become a significant concern of the court. Accordingly, a more difficult problem arises where ordinances denounce and punish acts which are the subject of state law and which reach beyond the limits of purely local problems. From an examination of our authorities, both statutory and decisional, it is apparent that we have not achieved a satisfactory accommodation between prosecutions under municipal ordinances and state prosecutions so as to assure to a defendant uniformity of treatment in terms of penalties and procedures and protection from subsequent punishment for the same offense." The Court concluded:

"It would be a strange anomaly for the legislature to define a crime, specify punishment therefor, provide that

its application shall be uniform throughout the state, and then permit a municipality to prosecute that crime as a civil offense. Basic civil rights of the defendant would then depend upon the arbitrary choice of the prosecutive authorities as to the court in which action against him would be instituted. When a municipality undertakes such prosecution, it must, therefore, to insure uniformity of treatment, do so in a criminal prosecution which affords the defendant all the protection of criminal procedure including the right of trial by jury and immunity from double punishment."

In arriving at its decision the Minnesota Court gave consideration to their statute which indicated the offense of driving a motor vehicle while under the influence of alcoholic beverage should be uniformly applied throughout the state and its political subdivisions. The same legislative intent is implicit in the statutes of our state. This is in recognition of the fact that driving while intoxicated is a matter of grave statewide concern requiring serious sanctions and uniform statewide application.

As the "dual sovereignty" theory is an anachronism with reference to the relationship of a state and its political subdivisions, such as counties and cities, the bar of double jeopardy applies to successive prosecutions for the same offense prohibited by municipal ordinance and state statute. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435. Consequently, the conviction or acquittal of a person for driving while intoxicated in violation of a municipal ordinance now constitutes a bar to the prosecution by the state for the same offense. Expressions to the contrary appearing in such cases as Webster v. Knewel, 47 S.D. 142, 196 N.W. 549, City of Aberdeen v. Forkel, 72 S.D. 536, 37 N.W.2d 407, and City of Brookings v. Thomsen, 84 S.D. 651, 176 N.W.2d 46, have been overruled by the holding in Waller v. Florida, supra.

The United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, imposed upon the states, through the Fourteenth Amendment, the Sixth Amendment right to jury trial in all criminal cases except "petty offenses". Petty of-

fenses are defined by federal law as those punishable by no more than six months in prison and a $500 fine. The boundaries of the petty offense category were not otherwise fixed and the definitional task of doing so was left for court decision by reference to "objective criteria".

In Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed. 2d 437, the court refused to draw the line between "petty" and "serious" crimes to coincide with misdemeanors and felonies because some misdemeanors are also "serious" offenses " 'the punishment of which involves or may involve the deprivation of the liberty of the citizen,' Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 1303, 32 L.Ed. 223". The court indicated the following objective criteria should be considered in determining whether an offense is "petty" or "serious":

1. The seriousness with which society regards the offense, and the most relevant factor in this regard is the severity of the maximum authorized punishment;

2. The collateral consequences attached to a conviction of the offense.

In District of Columbia v. Colts, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177, the Supreme Court held a defendant charged in the Police Court of the District of Columbia with driving a motor vehicle in a reckless manner in violation of the District of Columbia Traffic Act was entitled to trial by jury. In explanation the Court said:

"Whether a given offense is to be classed as a crime, so as to require a jury trial, or as a petty offense, triable summarily without a jury, depends primarily upon the nature of the offense. The offense here charged is not merely malum prohibitum, but in its very nature is malum in se. It was an indictable offense at common law * * *.

An automobile is, potentially, a dangerous instrumentality, as the appalling number of fatalities

brought about every day by its operation bear distressing witness. To drive such an instrumentality through the public streets of a city so recklessly 'as to endanger property and individuals' is an act of such obvious depravity that to characterize it as a petty offense would be to shock the general moral sense. If the act of the respondent described in the information had culminated in the death of a human being, respondent would have been subject to indictment for some degree of felonious homicide. * * * Such an act properly cannot be described otherwise than as a grave offense — a crime within the meaning of the third article of the Constitution — and as such within the constitutional guarantee of trial by jury."

■ Today the drinking driver is a major cause of death, loss of limb, and the destruction of property on the highway. Because of the consequences the offense of driving a motor vehicle while intoxicated must be considered mala in se and cannot reasonably be characterized as minor, trivial, or petty. Society regards the offense as serious. A conviction authorizes the imposition of "grave criminal sanctions not comparable to petty crimes at common law which were tried summarily", Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479. In extending the right to jury trial in certain criminal prosecutions the Alaska Supreme Court specifically included "offenses which may result in the loss of a valuable license, such as a driver's license or a license to pursue a common calling, occupation, or business", Baker v. City of Fairbanks, Alaska, 471 P.2d 386.

■ We regard the offense of driving while intoxicated as a serious offense entitling the accused to a trial by a jury. Because the offense is prohibited by ordinance and trial is conducted in Municipal Court does not purge the charge of its criminal character. It remains a serious rather than a petty offense which requires the uniform application of fundamental constitutional rights to every accused in every prosecution.

■■ The city challenges the jurisdiction of the Circuit Court to issue a Writ of Prohibition to restrain the Municipal Court of Sioux Falls, and its Presiding Judge, from proceeding to trial

without a jury. As the Circuit Court is not vested with any supervisory or appellate control over the Municipal Court, the city contends the Municipal Court is not an "inferior tribunal" within the contemplation of SDCL 21-30-2. To avoid any question of jurisdiction we have elected to consider petitioner's application as an original one addressed to this Court. A person's right to trial by jury in offenses of this nature involves a fundamental right which demands resolution by this Court. In retrospect petitioner's application for an intermediate appeal should have been granted. Other attempts in the past to obtain a determination of this question have been frustrated on procedural grounds. It should not be avoided now on a procedural basis.

The Writ of Prohibition is a proper means of testing a person's right to trial by jury. As the Arizona Court stated in Rothweiler v. Superior Court of Pima County, 100 Ariz. 37, 410 P.2d 479, "Courts favoring this remedy reason that an appeal from the final judgment is not adequate because an appeal will subject the party to the expense and harassment of a trial which may be futile if the appellate court subsequently determines that a jury trial was improperly denied."

Accordingly, a Writ of Prohibition shall issue by this Court as prayed for by petitioner.

WINANS and DOYLE, JJ., concur.

BIEGELMEIER and WOLLMAN, JJ., concur in part and dissent in part.

BIEGELMEIER, Judge (concurring in part and dissenting in part).

I.

With reference to the propriety of the issuance of a writ of prohibition by the circuit court it appears to me Judge Burns was correct in denying it. SDCL 16-6-15, the statute that gives power to circuit courts, provides:

"The circuit court has the power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, and all other writs **necessary** to carry into effect **its judgments,** decrees, and orders (none is here involved), and to give to it a general control over **inferior** courts, officers, boards, tribunals, corporations, and persons." (emphasis supplied)

Appeals from municipal courts may only be taken directly to the Supreme Court. The

"procedure * * * shall be the same as the procedure for taking appeals from the circuit court to the Supreme Court." SDCL 15-32-36.

The municipal court, therefore, is not an "inferior" court to the circuit court. The circuit court has no jurisdiction over municipal courts. See Yankton County v. Codington County, 66 S.D. 599, 287 N.W. 498.

In Farnham v. Colman, 19 S.D. 342, 103 N.W. 161, 1 L.R.A. (N.S.) 1135, 117 Am.St.Rep. 944, 9 Ann.Cas. 314, this court said "mandamus from the circuit court will never lie to reverse the judicial action of such officers" (a Justice of the Peace sitting as committing magistrate who refused to punish a witness for disobeying a subpoena). In sum the circuit court had no supervisory power even over a Justice of the Peace to reverse his action by mandamus, which is a counterpart of the writ of prohibition. SDCL 21-30-1. These writs are issued only when there is no "plain, speedy, and adequate remedy, in the ordinary course of law." SDCL 21-29-2. Therefore, I am in agreement with Judge Hanson's opinion on that issue.

## II.

I have grave doubts of the power of this court or of the advisability of transferring an appeal from a circuit court order duly entered by it to read or be treated as an application in this court for permission to commence an original action in it where no application was made as required by SDCL 15-25-2. It will set a precedent which may encourage others to request similar actions

here when they should properly be brought and determined in trial courts. This is especially so when our workload is becoming increasingly larger. Nor should we do so when a party has an adequate remedy at law. SDCL 21-29-2, supra. The answer has been given many times, for instance, in State ex rel. Clough v. Taylor, 58 S.D. 647, 238 N.W. 22, when the court wrote as to the original proceeding against Judge Taylor:

> "The merits of the question presented are interesting, but in order to conform to prior decisions of this court, and to make an orderly disposal of the business before this court without giving preference, we are precluded from considering the merits.

> "It is apparent that the petitioner has an adequate remedy at law by appeal to this court. Petitioner in fact is merely using the writ here applied for as a method of appeal. This will not be permitted."

Defendant here should proceed in the regular course of law and not be afforded this extraordinary remedy. Generally the Supreme Court has not granted permission to commence suit for writs of mandamus or prohibition as original actions here, nor may the court do so. Our authority is limited by the Constitution and statutes. Art. V, § 3 of our Constitution provides:

> "The Supreme Court and the judges thereof shall have power to issue writs of habeas corpus. The Supreme Court shall also have power to issue writs of mandamus, quo warranto, certiorari, injunction and other original and remedial writs, with authority to hear and determine the same in such cases and under such regulations as may be prescribed by law".

Pursuant thereto the legislature enacted SDCL 15-25-1 which provides:

> "The exercise of the original jurisdiction granted the Supreme Court by sections 2 and 3, article V of the Constitution, is reserved for the consideration of matters of prerogative, extraordinary, and general concern."

The court has consistently adhered to the limitation of these enactments. See Everitt v. Board of County Commissioners, 1890, 1 S.D. 365, 47 N.W. 296, followed in Stanley County v. Jackson County, 36 S.D. 350, 154 N.W. 806; Overpeck v. Wiedenman, 1964, 81 S.D. 146, 132 N.W.2d 213, and other cases cited under Art. V, § 3, of our Constitution. SDCL 21-29-2, supra, also applies to this court. SDCL 15-24-1. Permission to appeal from similar intermediate orders has been denied in the past, even under the claim made that a party is subjected to the expense and harassment of a trial.

## III.

As to the merits of this appeal, courts of other states have not arrived at any general rule, and neither those courts nor this court has, as Judge Hanson phrases it, "achieved a satisfactory accommodation between prosecutions under municipal ordinances and state (criminal) prosecutions". The opinions of the Minnesota court while they were concerned with this problem of D.W.I. cases leading up to State v. Hoben, 256 Minn. 436, 98 N.W.2d 813, indicate the problem. But, as I read Hoben, the court rested its decision **solely** on a statute — § 169.03. There the legislature specifically directed the provisions of that chapter shall be

> " 'applicable and uniform throughout this state and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein.' "

and that when any local ordinance covers the same subject " 'then the penalty &ast; &ast; &ast; shall be identical with the penalty' " provided in the state statute. Since Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, a person may not be prosecuted for the same offense by the municipal corporation and the state, and our earlier cited cases to the contrary no longer appear to be controlling.

Statistics show that the drinking driver is a major cause of death, loss of limb and destruction of property to such an extent that the United States has initiated the Alcohol Safety Action Pro-

gram (ASAP) at great expense to diminish or cure the problem. The conclusion that this situation should be the reason for making it more difficult to control or prevent such conduct by requiring a jury trial for the first conviction — even with the added deprivation of the privilege of driving a car — escapes me. Juries are not required in hearings on the revocation of driving permits, so that cannot be a reason for allowing jury trials. It may be questionable whether society or the courts deem it a serious offense, though the resulting damage is great. The general public does not seem to regard drinking or a person under the influence of intoxicating liquor as bad or immoral, rather some now hold it to be a disease to be treated as such. Nor do the courts so deem it, even as to D.W.I. violations; at least the sentences do not indicate that concern.

The pictures in #10942, City of Sioux Falls v. Bohner, 86 S.D. 527, 199 N.W.2d 499, decided this date, show defendant drove off the road into the yard and porch of a home with danger to persons lawfully there, yet the court fined defendant $150 with only a 7-day actual jail sentence to be served. The prohibition against driving on the city streets was fixed at 30 days by the court. Do the day-to-day sentences of $100 and $150 fines and jail sentences, either not imposed or suspended, reflect that concern?

I am not clear as to the majority opinion's basis of jury requirement. It is not a constitutional one (City of Brookings v. Thomsen, 1970, 84 S.D. 651, 176 N.W.2d 46; 47 Am.Jur.2d, Jury, § 53), and under very recent opinions of the United States Supreme Court, our national Constitution does not require it. That court lately held a jury is **not** required for **criminal** offenses, said to be petty and defined as those not exceeding a $500 fine and a 6-month imprisonment. Duncan v. Louisiana, 1968, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Cf., Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437. Williams v. Florida, 1970, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, held that states are free under the United States Constitution to try defendants in felony cases with juries of less than 12 men (6 in the Williams case). More recently on May 22, 1972, that court approved non-unanimous jury verdicts of guilty by votes of 10-2 and 9-3 in felony cases, and a state statute permitting a unanimous verdict of juries

of five in accord with Williams v. Florida, supra. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (12-man Jury, 9-3 guilty verdict upheld), and Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (one 10-2 and two 11-1 guilty verdicts approved).

The legislature in municipal ordinance cases has authority to provide regulations for a jury, its size, etc. It has done so as to proof in 1966. SDCL 16-11-55. I would leave it there as other courts and states have, some of which are cited in the footnote.* What concerns me is our extension of jury requirement in this municipal ordinance case when the trend of the U.S. Supreme Court is contra. Does it encompass all cases where the penalty may be a fine not exceeding $100 or 30-days imprisonment, or both, as municipalities without functioning municipal courts are limited? Is this jury to be 5, 6, 10 or 12? See "The Six-Man Jury", 17 S.D.Law Rev. 285. Must the verdict be unanimous? 3/4ths? 5/6ths? If it is above these standards, then the court is fixing higher standards and requirements for enforcement of city ordinance violations than the U. S. Supreme Court requires states to provide in felony prosecutions. I am not persuaded to concur in a decision which may hamper rather than aid in the solution of the problem. It should rest with the legislature, as City of Brookings v. Thomsen, supra, in 1970 recognized when it wrote the legislature had "not granted the right by statute". Austin v. City and County of Denver, 1969, 170 Colo. 448, 462 P.2d 600, which considers Duncan v. Louisiana, supra, is a well written opinion in accord with our Brookings opinion. We should pause before we so soon overturn or qualify those pronouncements. I therefore dissent.

---

* The following briefly states the decisions of courts:

Proceedings for violation of an ordinance are not criminal prosecutions within the United States or South Dakota Constitutions as to require appointment of counsel at public expense for indigents. Application of Wright, 1971, 85 S.D. 669, 189 N.W.2d 447.

In a prosecution for D.W.I. under a city ordinance, defendant is not entitled to a jury trial even though his license to drive may be revoked. The constitutional provision that the right of trial shall remain inviolate only means that it is to remain as it was at the time of the adoption of the constitution. The offense did not exist at that time, and it being a petty offense, the right of jury trial is not within the constitutional guaranty and is a legislative matter. The legislature not having given such a right, it does not exist, even though a defendant might have the right if prosecuted under a similar statute. State v. Amick, 173 Neb. 770, 114 N.W.2d 893, and State v. Lookabill, 176 Neb. 254, 125 N.W.2d 695, as modified in 176 Neb. 415, 126 N.W.2d 403.

No jury trial is required even where state law is copied in the ordinance and defendant could have had a jury trial if a state prosecution. Hudson v. City of Las Vegas, 1965, 81 Nev. 677, 409 P.2d 245. Acc: City of Albuquerque v. Arias, 64 N.M. 337, 328 P.2d 593, no jury, D.W.I. where license may be revoked for one year. See also 50 C.J.S. Juries § 77, page 783, and 47 Am.Jur.2d, Jury, § 53.

WOLLMAN, Judge (concurring in part and dissenting in part).

I agree that the circuit court had no jurisdiction in this case to issue a writ of prohibition. I agree with Judge Biegelmeier that we should not treat this appeal as an original application addressed to this court.

On the merits, I would hold that this case is governed by our decision in City of Brookings v. Thomsen, 84 S.D. 651, 176 N.W.2d 46.